# Workmen's Compensation Board, et al. v. United States Coal & Coke Company.

(Decided December 15, 1922.)

## Appeal from Harlan Circuit Court.

1. Master and Servant—Finding of Workmen's Compensation Board.—Under the provisions of sections 4897, 4898 and 4899, Kentucky Statutes, which are a part of the workmen's compensation act, dealing with the deductions of time and amount, where a period of total temporary disability is followed by a permanent period of partial disability, the period of time for which an allowance is made for temporary total disability should be deducted from the maximum period fixed for a permanent partial disability, and not the amount allowed for such total temporary disability from the total amount allowed for permanent partial disability, where the latter amount does not reach or exceed the maximum fixed in the act.

2. Appeal and Error—Motion for New Trial—Bill of Exceptions.—Where the pleadings, exhibits and orders of the court show the facts which raise a question of law, no motion for a new trial or bill of exceptions is necessary.

CHAS. I. DAWSON, Attorney General, THOS. B. McGREGOR, Assistant Attorney General, and CLYDE R. LEVI for appellants

SAMPSON & SAMPSON for appellee.

JOHN D. CARROLL, Amicus Curiae.

OPINION OF THE COURT BY TURNER, COMMISSIONER—Reversing.

In July, 1920, Tony Stuck, an employe of the United States Coal & Coke Company, while engaged in the discharge of his duties as a coal miner, was injured by falling slate in the mine of that company in Harlan county.

The company had elected to operate under the workmen's compensation act, and Stuck had agreed to accept the provisions of the act. The company admitted liability for the injury, and voluntarily paid Stuck at the rate of twelve dollars per week for twenty-eight weeks, making a total voluntary payment of three hundred and thirty-six dollars. Then, however, the company ceased such payments, and Stuck, believing he was entitled to more compensation, filed claim therefor with the workmen's compensation board under the provisions of section 4932, Kentucky Statutes, authorizing

the filing of such a claim upon such disagreement by the parties.

The compensation board, after the introduction of evidence by each party and a full hearing, awarded to Stuck for total temporary disability fifteen dollars per week for a period of sixteen weeks, and one dollar and a half per week for three hundred and nineteen weeks for permanent partial disability, to be credited by the three hundred and thirty-six dollars theretofore paid. The board found as a fact that Stuck had sustained a total temporary disability for a period of sixteen weeks and a permanent partial disability of twelve and one-half per cent, for which partial disabiltiy it allowed him one dollar and a half per week for three hundred and nineteen weeks, deducting from the maximum of 335 weeks the sixteen weeks for which allowance had been made for total temporary disability.

The company, as is authorized by the act, filed a petition in the Harlan circuit court for a review of the award, and that court in its judgment modified the award by allowing Stuck fifteen dollars a week for sixteen weeks on account of total temporary disability and one dollar and a half per week for permanent partial disability for the maximum period of three hundred and thirty-five weeks, but directed that this latter total amount should be credited by the amount allowed as compensation for total temporary disability during the period of sixteen weeks, and directed an additional credit of the three hundred and thirty-six dollars theretofore paid on this amount, of which latter credit there is no complaint.

This appeal is from the judgment of the circuit court and raises the question whether under the terms of our statute where a temporary period of total disability is followed by a permanent period of partial disability the amounts paid to or accruing to the claimant during the period of total temporary disability shall be credited upon the amount allowed for permanent partial disability, the allowance for the latter not having reached the maximum. This involves the interpretation of three sections of the compensation act and presents a question which has not heretofore been passed upon in this court or elsewhere, so far as we have been able to ascertain.

Section 4897, in so far as it is applicable, is as follows:

"When the injury causes total disability for work, the employer, during such disability, except the first seven days thereof, shall pay the employe so injured a weekly compensation equal to sixty-five per cent (65%) of his average weekly earnings, not to exceed fifteen dollars ($15.00) nor less than five dollars ($5.00) per week, such payments to be made during the period of total disability but not longer than eight years after the date of the injury, nor in any case to exceed a maximum sum of six thousand dollars ($6,000.00). In case the period of total disability begins after a period of partial disability, the period of partial disability shall be deducted from the total period of eight years during which compensation for total disability may be payable, and the payments made on account of such partial disability shall be deducted from the maximum of six thousand dollars ($6,000.00)."

Section 4898 is as follows:

"In case of an injury resulting in temporary partial disability, the employe shall receive during such disability, except the first seven days thereof, a weekly compensation equal to sixty-five per cent (65%) of the difference between his average weekly earnings which he earns, or is able to earn, in some suitable employment after the injury and during such disability, not to exceed 333 weeks from the date of injury, nor exceeding the sum of fifteen dollars ($15.00) per week nor the maximum sum of four thousand dollars ($4,000.00). In case partial disability follows a period of total disability, such period of total disability shall be deducted from the maximum period allowed for partial disability and the benefits paid on account thereof from the maximum allowed for partial disability."

Section 4899, in so far as it is applicable, is as follows:

"In all other cases of permanent partial disability, including any disfigurement which will impair the future usefulness or occupational opportunities of the injured employe, compensation shall be determined according to the percentage of disability, taking into account, among other things, any previous disability, the nature of the physical injury or disfigurement, the occupation of the injured employe and age at the time of injury; the compensation paid therefor shall be sixty-five per cent (65%) of the average weekly earnings of the employe, but not less than five dollars ($5.00) nor more

than twelve dollars ($12.00), multiplied by the percentage of disability caused by the injury, for such period as the board may determine, not exceeding 335 weeks nor a maximum sum of four thousand dollars ($4,000.00). Whenever the weekly payments under this paragraph would be less than three dollars ($3.00) per week, the period may be shortened and the payments correspondingly increased to that amount. Where compensation, except as provided in sections 4883 and 4885 of this act, is paid under any other provision of this act, the period during which such other compensation is paid and the amount thereof shall be deducted respectively from the maximum period and maximum amount which may be paid under this paragraph.''

It will be observed that section 4897 is dealing with a total disability which may be permanent or only temporary; that section 4898 is dealing primarily with a case of temporary partial disability, but makes provision for a period of partial disability following such period of temporary total disability; and that section 4899 is dealing with other cases of permanent partial disability, but directs how the periods and amounts shall be deducted where compensation is paid under other provisions of the act.

The compensation board construed these statutory provisions to mean that when a period of total temporary disability is followed by permanent partial disability, the period of total temporary disability should be deducted from the maximum period allowed in the statute for permanent partial disability and the award made for total disability for such period, but that the allowance for total temporary disability should not be deducted from the amount allowed for permanent partial disability when the allowance has not reached the maximum. While the judgment of the circuit court construed these sections to mean that where a period of temporary total disability is followed by a period of permanent partial disability, the amount of the allowance for total temporary disability should be deducted from the whole amount allowed for permanent partial disability even though the latter allowance is less than the maximum. That is, the board deducted from the maximum period of three hundred and thirty-five weeks for permanent partial disability the sixteen weeks during which there was a temporary total disability, but did not deduct the amount paid during that sixteen weeks from the total

amount allowed for permanent partial disability; while the court allowed for the maximum period of three hundred and thirty-five weeks for total partial disability, but deducted therefrom the whole amount paid during the sixteen weeks of total temporary disability, the effect of the court's judgment being there was no allowance whatever for the temporary period of total disability as prescribed by section 4897, the allowance for that sixteen weeks under the judgment of the court being for the same amount as the allowance for the remaining three hundred nineteen weeks—the period of permanent partial disability.

The provisions of section 4897 expressly fix the maximum and minimum allowance for total disability whether that total disability be permanent or only temporary, and before the courts would be justified in nullifying or entirely ignoring those provisions, it must be made to appear from some other wholly inconsistent provision of the act that such was the legislative purpose. It is, however, the contention of appellee that the provision in section 4899 that the period during which such other compensation is paid and the amount thereof should be deducted respectively from the maximum period and the maximum amount which has been paid under this paragraph, although the maximum amount has not been allowed. But an analysis of the provisions in all three of the quoted sections will disclose that they were dealing with the maximum periods and the maximum amounts fixed by the statute for the different classes of injuries. For instance section 4897, in providing for the deduction where a period of total disability follows a period of partial disability, says:

"The period of partial disability shall be deducted from the total period of eight years during which compensation for total disability may be payable, and the payments made on account of such partial disability shall be deducted from the maximum of six thousand dollars."

In other words, it is clear that the deduction is to be made in such cases from the maximum allowance, and there is no provision for any such deduction where the allowance therefor has not amounted to the maximum.

Then in section 4898, in fixing the deductions to be made where a period of total disability follows a period of partial disability it is said:

"Such period of total disability shall be deducted from the maximum period allowed for partial disability and the benefits paid on account thereof from the maximum allowed for partial disability."

It is equally clear from this language that the General Assembly had in mind the deductions from the maximum amount, and did not provide for any deduction where the maximums had not been reached.

Then, in section 4899, which is dealing with all other cases of permanent partial disability, in providing for such deductions, it is said:

"The period during which such other compensation is paid and the amount thereof shall be deducted respectively from the maximum period and the maximum amount which may be paid under this paragraph."

It is earnestly insisted for appellee that this language is plain, unambiguous and not susceptible of misinterpretation, and that therefore the judgment of the court deducting the allowance of two hundred and forty dollars for the sixteen weeks of total disability from the total allowance for three hundred and thirty-five weeks for permanent partial disability was correct. But in this we can not concur. It is expressly provided by the language used that the deductions of the amount in question shall be from the maximums fixed by the statute, and there is nothing in that language which purports to, or which may by any fair interpretation be said to direct the deduction of any amount where the maximum amount fixed by the statute has not been reached. The language is susceptible, when construed in connection with the other provisions, of no other interpretation than that the General Assembly meant such deductions of amount should be made only where the maximum amount fixed by the statute had been reached.

It is apparent in this case that the maximum amount fixed by the statute has not been exceeded, and in such case there is no authority to deduct an amount allowed for a previous period of total temporary disability.

The interpretation contended for by appellee and adopted by the lower court not only expressly nullifies and sets at naught the provisions of section 4897 fixing the maximum and minimum allowance for total temporary disability, but would, in effect, say in the face of the explicit provisions of that section that where a temporary period of total disability is followed by a period

of permanent partial disability there can be no allowance whatever for the period of total temporary disability. The judgment of the circuit court might just as well have said that no allowance could be made for the period of temporary total disability of sixteen weeks as to have said that the amount allowed therefor should be credited upon the total amount for permanent partial disability although the maximum fixed by the statute had not been reached. In fact, according to that interpretation the longer the period of total disability lasted the less compensation the injured man would get if the total disability was followed by a period of partial permanent disability the allowance for which had not reached the maximum. Here we have a period of sixteen weeks' total temporary disability and a maximum period following same of three hundred and thirty-five weeks of permanent partial disability; the allowance for the temporary total disability was fifteen dollars a week, or two hundred and forty dollars, while the allowance per week for the resulting permanent partial disability was only one dollar and a half. The allowance for permanent partial disability by the court in this case for three hundred and thirty-five weeks at one dollar and a half per week amounts to five hundred and two dollars and fifty cents; if the period of total disability had lasted thirty-two weeks instead of sixteen weeks, following the interpretation of the court, then four hundred and eighty dollars would be deducted from the five hundred and two dollars and fifty cents, and the claimant would receive for his whole injury, both temporary total and permanent partial, only the sum of twenty-two dollars and a half, and a week or two more of the total temporary period would have wiped out entirely any allowance whatever.

The courts will not assume there was any legislative purpose to bring about any such absurd result, but on the contrary, keeping in mind the humane purpose of the whole enactment, will give to it a reasonable construction which will bring about and effectuate the broad purposes of the act. In interpreting such an act all presumptions will be indulged in favor of those for whose protection the enactment was made, and who have by the terms of the act and by their own voluntary agreements been deprived of the enforcement of their rights in the courts of this state. Wick v. Gunn (Okla.), 4 A. L. R. 107; Henley v. Union Railway Co. (Okla.), 18 A. L.

R. 427. These provisions for deductions were made to the end that in no event should the maximum amounts prescribed be exceeded, and have no application whatsoever where they have not been reached or exceeded. It is only the periods of time that are to be deducted when the maximum amounts have not been reached.

It is said that because there was no motion and grounds for a new trial filed in the lower court and no bill of exceptions, that this court can only determine the sufficiency of the pleadings to support the judgment.

It is true that in the absence of a motion and grounds for a new trial directing the attention of the trial court to alleged errors occurring on the trial there can be no review by this court of the same; and it is likewise true that in the absence of a bill of exceptions the court cannot revise any rulings occurring on the trial because they are not before it. But here no motion and grounds nor any bill of exceptions was necessary to present the one vital question which we have passed upon, for the reason that the petition for review filed in the lower court and the exhibits filed there, together with the judgment of the circuit court and the award of the board of compensation all appear in the record, and show sufficient facts to raise the question we have decided. In fact, the judgment on its face shows the interpretation of the act by the court, and the interpretation given it by the board of compensation, and therefore no motion or bill of exceptions was necessary to raise the question.

It is conceded, however, by counsel for appellant that this court cannot revise the two alleged errors in the judgment awarding Stuck a lump sum and fixing the compensation to be paid his attorney.

The appeal is granted and the judgment is reversed with directions to set the same aside except as above indicated, and to enter a judgment approving the award of the compensation board.