# Clover Fork Coal Co. et al v. Scoggins.

(Decided March 17, 1936).

B. M. LEE and C. T. DOTSON for appellants.

A. G. PATTERSON for appellee.

OPINION OF THE COURT BY STANLEY, COMMISSIONER —Affirming.

On July 31, 1934, Hattie Scoggins filed a petition with the Workmen's Compensation Board stating that she was "suing as the next friend (and mother)" of three infant children, and for their use and benefit; that her husband and their father, Joe Scoggins, was killed by accident in the mines of the defendant, Clover Fork Coal Company, on July 1, 1930; that she and the children (one of whom was posthumous) were his dependents; and that on August 27, 1930, the company agreed with her to pay as compensation $12 a week for 333 1/3 weeks, which agreement was approved by the board. The company paid this compensation under that agreement until October 25, 1932, and then ceased. She had married her deceased husband's brother, Amos Scoggins, on December 28, 1931. She prayed that the board enter an order awarding the remaining compensation to be paid to her for the support, use, and benefit of the children.

The company pleaded that no claim had been made by the infants within one year of the accident or of the employee's death, nor within one year after the suspension of voluntary payments to Hattie Scoggins. It alleged the infants had forfeited their rights by their failure to make claim in the manner and form and within the time prescribed by the Workmen's Compensation Act (Ky. Stats. sec. 4880 et seq.).

The agreed statement of facts, so far as material on this review, showed that the allegations of the petition substantially were the facts, with the addition that the children were at all times living with their

mother and supported by her. The board overruled the motion or petition for a review of the award.

Thereafter Mrs. Scoggins filed a petition in the circuit court again describing herself as "suing as the next friend and for the use and benefit" of the children, and asked a review of the decision of the Compensation Board. This petition lacks the essential allegations required by sections 35 and 37 of the Civil Code of Practice, respecting the authority and qualifications of a next friend. It does not show that the infants had no guardian, curator, or committee, and discloses that the plaintiff was a resident of Tennessee. A special demurrer was filed by the coal company, stating the grounds just recited, and, in addition, that the petition was not verified. The demurrer being overruled, answer was filed restating those grounds and pleading in more detail the same defenses made before the board. It was charged that the remarriage of the widow barred her from future compensation, and that the agreement as to the award had been made for her benefit alone. But the record showed the agreed award was for both the children and widow. There could have been no question successfully raised as to the merits of the claim to compensation in behalf of the infant dependents, for the remarriage of the widow did not deprive them of their rights. Noe v. Noe, 229 Ky. 490, 17 S. W. (2d) 405. The court adjudged the Compensation Board had erred in refusing to open the case and in dismissing the children's claim, and rendered judgment for the unpaid balance due under the agreed award to be paid to a bank in Pineville as guardian of the children.

The appellant very vigorously argues that the special demurrer should have been sustained. If this were a regular suit in court, there could be no doubt about the fatal deficiency of the petition. The Code expressly provides that an action for an infant who resides in this state, and who has no guardian, curator, or committee residing herein, may be brought by his next friend (section 35, Civil Code of Practice), and that the qualifications of a next friend must be that he is a resident of this state, and free from disability. It also provides that he must file an affidavit showing his right to sue as next friend. Section 37, Civil Code of

Practice. But the review of an order of the Compensation Board is a special or appellant proceeding. It is not a new action. It is an appeal, and, unless an issue is raised as to fraud or misconduct of some person engaged in the administration of the law, the court shall hear and determine the matter upon the record made before the board; being limited in its review to the things set out in the statute. Section 4935, Kentucky Statutes. It is expressly provided by section 4909 that a widow as the head of a family of minor children may make application for compensation on behalf of all the dependents. It is only when the dependents are mentally incapacitated or are minors and the head of whose family is not dependent, that the application need be made by a committee, guardian, or next friend. Since the widow as such under the circumstances of this case had the right to make the original claim, there was no need for a next friend. This right was recognized as the agreed award recites it was with her for "all dependents." When she in the same capacity asked a reopening of the case, no objection was then made on that account, and any lack of capacity because the widow had ceased to be a dependent was waived. McCombs Coal Co. v. Alford, 234 Ky. 42, 27 S. W. (2d) 430. Reading sections 4909 and 4935, Kentucky Statutes, in connection with the Code provisions respecting the qualifications of a next friend in a regular court action, we are of opinion that one authorized to represent infants before the board may continue in the same capacity in court on review. If such one has lost the legal capacity, perhaps question before the board might be sustained, but it was not raised here. A much more liberal practice is permitted when the power of the court is invoked to enforce an agreed award. Holt Bros. Mining Co. v. Fisher, 255 Ky. 418, 74 S. W. (2d) 469. As to the failure of verification, that was waived because no motion was filed asking that it be verified. Junior Oil Co. v. Byrd, 204 Ky. 375, 264 S. W. 846.

Coming to the matter of limitations, the statute provides that on the filing of an application of an interested party showing changed conditions, mistake, or fraud, the board may at any time review any award or order relating to compensation previously awarded, and this may be done at any time during the com-

pensable period. Section 4902, Kentucky Statutes; Johnson v. J. P. Taylor Co., 211 Ky. 821, 278 S. W. 169; Rex Coal Co. v. Campbell, 213 Ky. 636, 281 S. W. 1039.

In considering the matter of failure to file the application for review for more than one year after the payments were stopped, it is to be noted that during this period, the mother and widow of the deceased employee having lost her position as a dependent and her capacity to represent the infants by reason of her marriage (sections 4894, 4909, Kentucky Statutes) the children then had no one authorized to claim compensation for them. Lockhart's Guardian v. Bailey Pond Creek Coal Co., 235 Ky. 278, 30 S. W. (2d) 955. Obviously it could not be anticipated that the mother's lack of qualification would not be questioned. Under such a situation, no limitations of time ran against them. Section 4919, Kentucky Statutes.

A motion has been filed in this court to dismiss the appeal because there was no motion and grounds for a new trial in the court below. Failure to have filed a motion for a new trial is no ground for dismissing an appeal, but where such a motion was necessary and none was made, the issues reviewable by this court are considerably narrowed. However, it is held that in an appeal or review of an order of the Compensation Board no motion for a new trial or bill of exceptions is necessary, unless issues were raised and considered by the court which were not before the board. Workmen's Compensation Board v. United States Coal & Coke Co., 196 Ky. 833, 245 S. W. 900; Mary Helen Coal Corporation v. Hensley, 237 Ky. 348, 35 S. W. (2d) 533.

There was no controverted question of fact before the Compensation Board. It must have decided adversely to the children's application on a matter of law, presumably that of limitations. We are of opinion, therefore, that the circuit court properly held its conclusion erroneous.

The judgment is affirmed.