## Davis v. Mitchell.
### (Decided Nov. 13, 1936.)

WOODWARD, DAWSON & HOBSON for appellant.

WOODS & WOODS for appellee.

OPINION OF THE COURT BY JUDGE THOMAS—Affirming.

On June 12, 1925, Le Roy Mitchell was an employee of the appellant, S. W. Davis, in the latter's rock quarry in Breckinridge county, Ky. Our Compensation Statute (Ky. Stats. 1930, sec. 4880 et seq.) had been accepted by both. On that day Mitchell was accidentally killed while serving his master in the course of his employment and which arose out of it. About six months prior thereto he and his wife, Jennie Mitchell, separated, and shortly thereafter she moved to Ironton, Ohio, where her relatives lived and where she and Le Roy Mitchell were married. At the time of the separation she agreed with her husband that the latter should have custody and control, as well as possession, of their two youngest children, Carl and Harvey Mitchell, the first of whom was born in 1912 and the latter in 1919, and was, therefore, six years old when his father died, while Carl (who is prosecuting this action as next friend of his brother, Harvey) was thirteen years of age at the time of his father's death. The latter delivered both of them into the possession of his cousin, Lillian Carney, a married woman residing at Omar, W. Va., but shortly after the death of Le Roy Mitchell his son Carl left the home of Lillian Carney and went to live with his mother in Ironton, Ohio. She did not learn of her husband's death for quite awhile thereafter, and in about two years from his death the youngest son of the two Mitchells (appellee) left the home of Lillian Carney and went to his mother at her home in Ohio. So that, neither the mother, Jennie Mitchell, nor either of her two sons, Carl and Harvey, have resided in the state of Kentucky since the death of the husband and father.

In February, 1935, and after Carl had arrived at age, he, as his brother's next friend, made application according to the forms prescribed by our Workmen's Compensation Act to the Compensation Board for an award on behalf of his infant brother, Harvey, as a dependent on his deceased father.

The claim was resisted before the board by the employer, the appellant, here, but the board overruled all of the objections, the chief one of which was that the right attempted to be asserted was barred, since it was begun nine years, five months and twenty-five days after the death of applicant's father. In due time the employer filed his review petition in the Breckinridge circuit court, pursuant to the provisions of section 4935 of

our Statutes, and the award of the board at that hearing was affirmed. It is from that judgment that this appeal is prosecuted.

It is virtually conceded in briefs for appellant that the only question involved possessing materiality is that made by the defense of delay in making the application until the time had expired when it might be done under the statute. Ordinarily, and when the applicant is a dependent and sui juris, the procedure to obtain compensation under our statute must be made within the time pointed out in our recent opinion of Scott Tobacco Company v. Cooper, 258 Ky. 795, 81 S. W. (2d) 588. In it we interpreted section 4914 of our Statutes, which is section 33 of the Compensation Act, to apply only to the time within which a demand should be made of the employer for compensation in an effort to agree thereon, and which should be done within one year from the date of the accident. If the parties do not agree and it becomes necessary to make an application to the board, then the provisions of section 4932 furnishes the remedy. We interpreted that section in the case referred to as giving the injured servant, or his dependent if he was killed, one year after application had been made to the employer for the parties to agree, and if they did not agree within a year following the application to the employer compulsory action before the board should be filed with it. The interpretated limitations in that opinion do not apply to the facts of this case, unless Jennie Mitchell, the mother of appellee, voluntarily abandoned her husband in the early part of 1925 when they separated, and thereby destroyed her right as a dependent upon him, under the provisions of section 4894 of our Statutes, which in prescribing those who "shall be presumed to be wholly dependent upon a deceased employee" says that "A wife upon a husband whom she had not voluntarily abandoned at the time of the accident. * * * A child or children under the age of sixteen years, or over sixteen years if incapacitated from wage-earning, upon the parent with whom such child or children are living or by whom actually supported at the time of the accident."

The proof in this case is amply sufficient to show that Harvey Mitchell was an infant dependent upon his father at the time of the latter's death within the provisions of the statute; but he had no guardian or com-

mittee, or parent residing in the state of Kentucky, nor either of such fiduciaries residing elsewhere, and his mother was a nonresident of the state, as we have seen.

Section 4919 of our Statutes, being section 38 of the Compensation Act, prescribes that "no limitation of time provided in this act shall run against any person who is mentally incompetent or who is a minor depend-ent so long as he has no committee, guardian or next friend, or other persons authorized to claim compensation for him under sec. 4909 of this act." The latter section (4909) provides, inter alia, that "In cases where the dependents are a widow or other head of a family of minor children and one or more minor children, it shall be sufficient for the widow or head of such family to make application for compensation on behalf of all, and in cases where the dependents are mentally incapacitated or are minors the head of whose family is not a dependent, the application may be made by the committee, guardian or next friend of such dependents."

It will be observed that in order for the widow or other head of the family of minor children to be qualified to enforce the provisions of the Compensation Act for the benefit of such minor dependents she or he (widow or the head of a family) should themselves be a dependent. If they are not such, then they would clearly be disqualified to maintain any procedure looking to the recovery of compensation for the benefit of any minor dependents in their charge (except as next friend), and which conclusion is in accordance with the very terms of the statute. We have already seen that under other sections of the act a surviving widow is a dependent upon her deceased husband only when she had not voluntarily abandoned him before his accidental death. If she voluntarily abandoned him prior to that event, then she ceased to be a dependent upon him and would not be entitled to any compensation allowed by the statute, or recoverable thereunder. Cases so construing the sections of the statute, as indicated, are: Lockhart's Guardian v. Bailey, Pond Creek Coal Co., 235 Ky. 278, 30 S. W. (2d) 955; McIntosh v. John P. Gorman Coal Co., 253 Ky. 160, 69 S. W. (2d) 7; Clover Fork Coal Co. v. Scroggins, 263 Ky. 424, 91 S. W. (2d) 543, and others cited in those opinions. Some of those opinions, as well as the case of Ashland Iron & Mining Co. v. Fowler, 208 Ky. 422, 271 S. W. 589, also hold that the widow of a de-

ceased employee, when prosecuting a claim for compensation for her benefit and her minor children, is acting for herself and as the next friend of her children within the contemplation of section 4909, supra, of our Statutes; but, necessarily, she could not be considered as a "statutory" next friend for that purpose unless according to the terms of the statute she was a dependent. Of course, she could proceed as a next friend to her minor children, though not a dependent herself if she was a resident of the state, but until she saw proper to do so the statute would not run against an employee under legal disability merely because they resided with a resident parent who was not under disability—such a consequence following only when the sui juris parent was himself or herself a dependent. Likewise, we take it to be a correct interpretation of the statute to hold that a nonresident sui juris parent, when themselves a dependent (the widow in this case), would be compelled to proceed to obtain compensation under the act within the time prescribed therein—not only for themselves, but for all other dependents laboring under legal disability, the head of which family was the adult nonresident dependent.

Having said this much with reference to the law, we will now briefly refer to the evidence on the decisive point, i. e., whether or not Mrs. Mitchell voluntarily abandoned her husband prior to his accidental death so as to deprive her of the right to participate in any of the benefits of the Compensation Act as a dependent upon him. The board, as we have seen, found from the testimony that she had voluntarily abandoned him and had thereby lost her rights as a dependent upon him. The reviewing Breckinridge circuit court found that there was abundant testimony to sustain that finding. A careful reading of the record convinces us that such conclusions were proper. The uncontradicted testimony shows that Mrs. Mitchell did not learn of her husband's death until a year, or perhaps two years, after it happened. She was unacquainted with Lillian Carney, the person into whose custody the deceased husband placed their two infant children, whose custody she surrendered to her husband, and neither did Mrs. Carney know at the time of Le Roy Mitchell's death the exact whereabouts of his widow, who, as we have seen, had taken up her residence in Ironton, Ohio, following the separation

of herself and husband. A short while before the separation the husband had been released from serving a sentence in the penitentiary at Frankfort. The widow testified, "But after he came back [from serving his sentence] he did not want to be good to us.

"Q. Then you refused to live with him and left him? A. Yes sir, I want to live in peace. * * *

"Q. You never did desert or abandon your husband? A. No, not until after he went to the penitentiary.

"Q. You and he then agreed to separate? A. I agreed to take my child and take care of myself and he took Harvey and Carl to Lillian and she kept them, then her husband had T. B. and was sick and I had to take him back.

"Q. That arrangement was made with you voluntarily? A. Yes, he was to take care of the two children and I was to take care of my one."

Some answers that she made in cross-examination counsel for appellant construe as confirming his theory that the husband was at fault for the separation and that the wife did not voluntarily abandon him so as to deprive her of the benefits of a dependent under our Compensation Act. From that conclusion they argue that this application to the board should have been made within the time prescribed in the Cooper Case, supra. But the excerpts taken from her testimony clearly establish the fact that the separation of Mr. and Mrs. Mitchell was at least mutually agreed to, and that it was voluntary on the part of both of them. The board accepted that testimony and based its finding thereon. Under the Compensation Act, if there is any testimony to support the finding of the board, it is the duty of the court to accept it. Under that rule, it becomes our duty to determine this case upon the theory that Mrs. Mitchell voluntarily abandoned her husband before his death, and that she was not a dependent upon him at the time of his death. Not being so, she was not qualified as a joint dependent to proceed under the statute to obtain compensation for her minor child, and being a nonresident, without being his joint dependent, she could not act as the next friend of her infant child, Carl Mitchell, the appellee herein. Subsection 1, sec. 37, Civil Code of

Practice. Therefore, no limitation ran against appellee's right to collect the amount due to him as compensation for the death of his father upon whom he was dependent, and which is expressly prescribed in section 4919 of our Statutes, being section 38 of the Compensation Act, as hereinbefore inserted.

Wherefore, for the reasons stated, the judgment is affirmed.

The whole court sitting.