## Hoenig v. Lemaster's Committee et al.

(Decided March 26, 1937.)

WALTER R. PRATHER and H. H. RAMEY for appellants.

A. H. ALLEN, E. B. ARNETT, G. C. ALLEN and W. J. WARD for appellees.

OPINION OF THE COURT BY JUDGE THOMAS—Reversing.

W. O. Lemaster, on March 8, 1930, was in the employ of appellant and defendant below, A. V. Hoenig, as a servant in a crew engaged in drilling oil and gas wells. He was some forty odd years of age and during the day referred to he received a lick on the head from the swinging of a large iron tong which with its companion tong was used in lifting heavy material. The tong weighed something like 500 pounds and was being adjusted by a fellow servant attempting to swing it when Lemaster inadvertently got in front of it and it struck him in the fore part of the head, producing a wound from which there was considerable bleeding and caused him to lay off from work for the remainder of the day; but he resumed work the next morning and continued at the same employment, fulfilling his duties in every respect, for a period of eight months thereafter. The reason for his ceasing to work at the end of that period is not made to appear. Whether it was because the employer discontinued his business, or finished his work at that job, or in that neighborhood, or for any other reason is not shown.

A short time before April 6, 1934, C. P. Lemaster—the father of W. O. Lemaster, the servant, in some kind of court proceedings (the exact nature of which is not shown)—was appointed committee for his son, W. O. Lemaster, and on the day last indicated he filed application before the Workmen's Compensation Board for an award to his son, the injured servant, upon the ground that the injury he received in the manner stated had permanently injured him by impairing his mind and mental faculties to the extent of depriving him of earning capacity of the kind and character of labor he was fitted to perform.

At a hearing before a referee for the board, the application was dismissed and an award denied upon the grounds of (1) that the necessary procedure to obtain it, as is pointed out in the case of Scott Tobacco Co. v. Cooper, 258 Ky. 795, 81 S. W. (2d) 588, were not taken, and (2) that the impaired condition of the servant's mind complained of was not shown to have been produced or resulted from the proven accident. An appeal to the full board resulted in an affirmance of the conclusions of the referee. The applicant.

then filed his petition in the Magoffin circuit court for a review, which was heard on the record made by the board, and upon submission it reversed the order of the board and set it aside and then added, "and this case is remaned back to said Workmen's Compensation Board, with directions to enter judgment in favor of plaintiff in conformity with section 3897 (4897) of the Statute." From that judgment, the employer and the board prosecute this appeal.

The two grounds supra forming the basis of the board's action in dismissing the application were the only defenses interposed and they are, of course, the only ones argued on this appeal. The question presented in ground (1) may be considered as a mixed one of both law and fact, the fact involved in it being (a) whether the servant, W. O. Lemaster, at any time before the expiration of one year from receiving his injuries, lost his mind to such an extent as to render him non sui juris so as to discontinue the running of the statute against the period (one year) within which he should make demand of his employer for compensation, as is prescribed in section 4914 of our present statutes which is a part of our compensation act. The legal phase of that ground is (b) whether the loss of the servant's mental faculties within that prescribed time would or nor arrest the period within which such demand should be made after it had started, and had partially expired, and during which the servant was in full possession of his mental faculties.

There was abundant evidence before the board, and also before the Magoffin circuit court, to show that there was no impairment of the servant's mental faculties at any time following the accident, and, of course, that testimony also supported the conclusion that there was no such impairment for the first twelve months following the accident, although as will be seen the application to the board for an award was not made until the expiration of four years and twenty-eight days from the date of the accident. The board necessarily found, as there was no evidence to the contrary, that no demand for compensation was ever made to the employer within twelve months following the accident, as is expressly prescribed by section 4914 of the Statute, supra, if the servant was sui juris during that time, or if there existed a proper legal representative who had authority to act in his stead, and which the Scott

Tobacco Case, supra, expressly held to be mandatory. That opinion also held that if the parties did not agree within that period, or if they disagreed within less than that period after the demand was made, it would then become the duty of the servant, or the one representing him to make application to the board within twelve months after such disagreement and unless done within that time by a servant who was sui juris, or by the one legally authorized to act in his stead, the claim would become barred under the statute. The conclusions reached in the cited case have been followed since then in a number of others and they are now the controling rules of interpretation and practice in compensation cases.

No date is shown when the court proceeding under and by virtue of which C. P. Lemaster was appointed committee for his son; nor does it appear what was the nature of that proceeding, i. e., whether it was grounded on physical or mental disability or on both. But, assuming that it was because of mental disability, it still does not appear when such condition arose or when it assumed such proportions as to render W. O. Lemaster, the servant, legally disabled so as to place him in the mentally deficient class, and to thereby render him incapable of exercising his legal rights. His committee testified that he did not notice any impairment of his ward's mind until after he quit work, or more than eight months following the accident sustained by him; but whether the observations of the witness, as so testified to by him, was within twelve months from the date of the accident does not clearly appear, and the same may be said with reference to every witness who testified in support of the claim. Other witnesses who appeared in the case for the employer stated that they had at no time since the accident observed any impairment of the mental faculties of W. O. Lemaster, and it was in such condition of the proof that the board must have found that there was no impairment of mind, as a result of the accident, or otherwise, for at least a period of more than twelve months following the accident, and that, since there was no proven demand of the employer for compensation within that time, the claim was necessarily barred. The testimony was in the same contradictory condition with reference to the impairment of the servant's mind during the three years and twenty-eight

days following the first year period immediately succeeding the accident and the right to apply to the board for an award expired at the termination of the first year of that period, unless the servant in the meantime had lost his mind to such extent as to render him incapable of defending his legal rights or employing legal remedies therefor, and that there was no other who could legally act in his stead. The board found that there was no such obstructive impediment to the running of the statute and therefore concluded that the right to apply for an award was also barred at the time the application therefor was made.

We have held in an unbroken line of decisions, and without any to the contrary, that in accordance with the terms of section 4935 of our Statute (being a part of the compensation act) the findings of the compensation board on questions of fact will not be disturbed if there is any legal evidence to sustain them, howsoever much the proof might preponderate against such findings. One of the latest cases so holding, and in which others are cited, is Consolidated Coal Company v. Burns, 261 Ky. 353, 87 S. W. (2d) 967. It is therefore clear that the finding of the board that the claim was barred was conclusive upon the Magoffin circuit court and for that reason alone it erroneously remanded the case to the board with instructions as to the character of award to render.

For the same reason, we are convinced that the holding of the court as to subdivision (b), supra, was unauthorized, since the board expressly found that the disability complained of was not produced by, or result from the accident sustained by the servant. It is true that as to the issues involved in that subdivision the evidence was contradictory, as it also was with reference to subdivision (a) supra; but, as pointed out, it is imperatively required that courts should accept the findings of fact by the board when the proof is in the contradictory form that it is in this case. It was not only expressly testified to by witnesses that the servant never became mentally disabled as is contended by his committee, but there are also some circumstances pointing in that direction. One of them is, that he continued to labor unceasingly for a period of eight months after sustaining his accident without any indication whatever of any mental ailment; whilst another one is, that some twelve months before application was made

to the board by the committee, the servant himself applied to the board in his own behalf for an award and when limitation was asserted against his right to do so, he dismissed his application and later proceeded to have a committee appointed, whereby it might be shown that he should not be charged with the lapse of time so as to bar his right to an award, because of mental incapacity to employ the remedies to assert his right—all of which has a tendency to produce the impression that the latter proceeding was an afterthought. However, we are bound by the record brought to this court and are compelled to dispose of the case according to the declared law applicable to the facts at hand.

We are clearly convinced that the court erred in rendering the judgment appealed from, and it is reversed with directions to set it aside and to dismiss the petition.