## Black Mountain Corporation v. Swain et al.

(Decided Nov. 5, 1937.)

B. M. LEE for appellant.

J. O. BAKER for appellees.

OPINION OF THE COURT BY MORRIS, COMMISSIONER—
Reversing.

On August 29, 1932, Abe Swain was a loader employed in appellant's coal mine at Kenmir, Ky., and on that day, while in the course of his employment, received an injury from which he died on November 30, 1932. The usual form reports of the accident were made by the employer to the Workmen's Compensation Board on September 1, 1932. On January 20, 1933, the board examined and approved an agreement between the employer and widow, in which it was stated that Mattie Swain, widow of deceased employee, "was all dependents of Abe Swain, deceased." By this agreement the employer was to pay disability compensation for 10 1/7 weeks at $15 per week, plus a weekly compensation of $12 per week for 333 1/3 weeks, or a total of $4,000. The widow received the payments as provided in the agreement for about 136 weeks and until her death July 25, 1935.

On September 20, 1935, appellee Mary Swain, mother of deceased, filed with the board in the Abe Swain case what was styled, "Motion to reopen case on behalf of Mrs. Mary Swain." In the instrument a reopening

was asked on the ground that at the time of the death of her son applicant was living with, and totally dependent upon him; that after her son's death "she continued to live with his wife, and was wholly supported from the compensation received by her from the coal company. That it was not necessary, and she did not know it would become necessary for her to file any claim for any part of the compensation paid to her." She alleged that since the death of the widow she (applicant) has been destitute and without means of earning her support. She further stated that there is a balance of $2,200 due her from the employer, payment of any part of which has been refused her. She prayed for a reopening of the case under the provisions of section 21 of the Compensation Act (section 4902, Ky. Stats. 1936). Her motion was resisted before the board on the merits, and by a plea of limitations interposed as a bar to her claim.

By an order of December 17, 1935, reviewing the verified motion of applicant and citing sections 28 and 33 of the Compensation Act (respectively sections 4909 and 4914, Ky. Stats. 1936), the board sustained the motion, reopening the case, and later assigned it for hearing, at which hearing proof was introduced, and on January 19, 1937, a referee awarded applicant compensation at the rate of $12 per week from the date of the widow's death, for a period of 195 weeks, together with 6 per cent. interest on all past-due payments. Appellant moved for a full board review, and on March 17, 1937, the board by order approved and adopted the referee's opinion of January, 1937, as "the opinion of the full Board on review."

On April 1, 1937, appellant filed its petition in the Harlan circuit court asking a review. On May 12, 1937, the court, upon consideration of the records of the board, affirmed its award, to which order the employer objected, excepted, and was granted an appeal to this court.

Upon presentation here we are asked to reverse the judgment of the trial court, because (1) there is no merit in plaintiff's claim, since the evidence shows that the mother was not dependent upon the deceased, but was living apart from him and providing for her own support in other ways. (2) The board had no authority to reopen the case, because applicant was not a party to

the original application, or on the hearing. (3) The applicant's claim was barred by limitation, since she made no claim or demand, or took necessary steps to assert her alleged dependency until more than 12 months after the death of deceased.

The conclusion we have reached does not necessitate a recital of the proof, showing, as was concluded in the report of the referee, afterwards adopted by the full board, that Mary Swain was dependent upon her son during the last year of his life, and received assistance from the widow after his death. The case, as we view it, presents only a question of law, that question being whether or not applicant, admitting the fact of her dependency, proceeded properly, within time, to assert her claimed dependency as the workmen's compensation laws provide.

By reference to the statement above giving the dates of the injury to and death of the employee, and the dates of various steps taken, it will be readily observed that applicant's motion to reopen the case came more than two years after the injury, death, and consequent award.

It is noted at the outset that there was never filed by the now appellee any claim for dependency, until her motion to reopen the case after the widow's death. Therefore, the question as it was presented to the board and the court below is whether or not the board had authority to reopen the case upon the motion as so presented by the mother, the appellee here.

In the case of McIntosh v. John P. Gorman Coal Company et al., 253 Ky. 160, 69 S. W. (2d) 7, 9, the facts pleaded in the petition of the claimant were, in all respects save one, similar to the facts in this case. Clay McIntosh, a miner in the employ of the Gorman Company, was killed in the course of employment by the falling of slate. He left surviving his widow, Sybl McIntosh, and his mother, the latter having three infant children. The widow made application to the board for adjusted compensation on January 13, 1927. On January 27, 1927, the widow's guardian filed with the board an agreement for the company to pay her compensation of $12 per week. This agreement was properly approved by the board and the company paid to the widow the adjusted sum from the date of McIntosh's death until January 2, 1930, when the widow remarried, thus

terminating any payment of compensation to her by virtue of section 4894, Kentucky Statutes. Thereafter, on April 30, 1930, America McIntosh, mother of deceased, filed her application with the board for adjusted compensation for herself and infant children, asserting that she and the children were dependents of Clay McIntosh at the time he sustained the injury causing his death. The only difference in facts noted is that in the McIntosh Case the widow remarried.

The employer in that case interposed the sole plea of limitation, which the board sustained, and dismissed her application. Thereafter the mother for herself, and the infant children, filed a petition for review, and the circuit court sustained the board and dismissed her petition. Upon appeal to this court we affirmed the lower court's ruling. In that case we held that an application to review compensation award, or an order reopening, must under section 4902, Ky. Stats., be made by some party to the award, or refusal to award, or some party in privity. Johnson v. J. P. Taylor Co., 211 Ky. 821, 278 S. W. 169. In the McIntosh Case we held:

"America McIntosh and her infant children were neither parties to the award nor a privity in law of the widow. The application of, and the award to, the widow did not inure to the benefit of America McIntosh and her infant children, nor prevent the running of the statute of limitation as to them, as it is prescribed by section 4914. Her application, in behalf of herself and children was in no sense a reopening of the case as authorized by section 4902. It was the original application in so far as she and her children were concerned, and is controlled by section 4914."

Hence it follows that since asserting herself to be and to have been a dependent ab initio appellees' remedial procedure was by an original application, as declared by both the McIntosh and Johnson Cases.

The right to compensation, claimed by the mother of deceased herein, was and is not a derivative one from the widow of deceased, to whom the board allowed compensation for her sole benefit, since there were no other applicants in the case to contest her right thereto, or to claim any proportionate part of it because of their dependency upon the deceased. The McIntosh Case, therefore, clearly condemned the practice pursued in

this case by the mother of deceased. Her remedy, conceding she had one because of her dependency upon her son, could only be made available to her by an original application to the board for an award, and which, if adopted, must have been made within the period of time allowed therefor by the various provisions of our compensation statute.

In the case of Scott Tobacco Company v. Cooper, 258 Ky. 795, 81 S. W. (2d) 588, we reviewed our former opinions, wherein such limitation periods were determined, and we found that it had been erroneously declared in them that a sui juris dependent must make formal application to the board for an award within 12 months after the occurrence entitling such thereto, and which we had previously held was one year. But upon a reconsideration of that question in the Cooper Case, .in which opinion such prior cases are cited, we finally concluded the true and correct interpretation to be that section 4914 of our Statutes prescribes what shall be done and the requisite steps to be taken by a dependent following the compensable accident and application to the board, among which requirements is notice to the employer of the accident, together with other facts narrated in the statute, followed by a demand or claim made to the employer for compensation. All of which the statute requires to be done within one year after the date of the accident, or, if death ensues, within one year after such death. If the parties do not agree within that period, and consequently disagree, so that it becomes necessary to resort to the board for the settlement rights of the parties, then section 4932 of the same statute must be resorted to, and in that case (Cooper) we determined that such application to the board must be made within one year from the time of such disagreement. Of course, if there has been no disagreement, but on the contrary there has been an agreement, it, according to the provisions of the statutes, if made in the manner pointed out therein, becomes the award of the board, and, when so done a formal application to the board is dispensed with, because there has never been a disagreement so as to call for the services of the board. When it approves the agreement it becomes an award, as effectual as if it had been rendered by the board upon a formal application to it for that purpose. The facts herein, as above narrated, indisputably show that Mary Swain, mother of deceased, never at any time made an

original application to the board for compensation in her favor, but only applied to it for a "reopening" of its prior award rendered solely to the widow of the deceased.

The McIntosh Case says that that was a proceeding for which there was no authority. But, if it should be treated as an original application by her, then under the Cooper opinion it was clearly too late and barred by our interpretations made in the Cooper Case, and which were afterwards approved in the still later cases of Davis v. Mitchell, 266 Ky. 151, 98 S. W. (2d) 474, and Hoenig v. Lemaster's Committee, 268 Ky. 44, 103 S. W. (2d) 708.

The interpretations made by us in the McIntosh Case (which neither party cites nor relies on, nor does it appear to have been presented to the board) effectually disposes of the contention for appellees herein as to the proper interpretation of section 4909 of our Compensation Act, wherein he seeks to establish the conclusion that the provisions of that section (4909) inure to the benefit of an independent dependent, although such dependent was never a party to the proceeding for compensation. By that contention counsel seeks to establish a sort of derivative right in his client, which she obtained by the death of decedent's widow, and through and by which she became entitled to the unpaid portion of compensation that was allowed to the widow. But, as said in our opinion in the McIntosh Case, we determined otherwise, and which conclusion we still think was a correct interpretation of the involved sections of our Compensation Act, and that it should not be disturbed.

Judgment reversed, with directions that the trial court enter one directing the board to dismiss the application.