Michael Chad ROBERTS, By Next
Friends, Greg ROBERTS and
Debbie Roberts, Appellants,

v.

GEORGE W. HILL & COMPANY,
Appellee.

No. 1998–SC–0937–TG.

Supreme Court of Kentucky.

April 20, 2000.

As Modified on Denial of Rehearing
Aug. 24, 2000.

Thomas Larry Hicks, Sutton, Hicks & Lucas, Florence, for Appellants.

C. Thomas Hectus, Hectus & Strause, PLLC, Louisville, for Appellees.

STUMBO, Justice.

This is an appeal from a decision of the Boone Circuit Court which affirmed the constitutionality of the Workers' Compensation waiver of tort rights and exclusivity provisions, as applied to minors. KRS 342.395 and KRS 342.690. The suit also challenges the constitutionality of the statutes when applied to workers whose award under the Workers' Compensation scheme would be quite small, although their injury is severe.

Briefly, the facts of this case are as follows: Appellant, Michael Chad Roberts, began working for Appellee, George W. Hill & Company, in 1997. He was fifteen years old at the time. On October 9, 1997, he was injured when his hand was crushed by an auger. Appellant alleges that he lost three of the fingers on his right hand and suffered severe damage to the nerves on that hand. Two months later, he executed and forwarded to the Appellee an Employee's Notice of Rejection of Workers' Compensation Act. The Appellee executed the notice on December 31, 1997, and certified that it was forwarded that day to the Department of Workers' Claims. Appellant then filed a tort action in the Boone Circuit Court.

In its answer, Appellee did not deny that Appellant's injury involved the seed mixer, though it contested the extent of the injury and denied that Appellant's job duties included operating the machine. Appellee pleaded that the complaint was barred by the exclusivity provisions of the Workers' Compensation Act, or, in the alternative, that Appellant's injuries were solely caused by his own actions.

The Circuit Court dismissed the action, specifically holding that the complaint failed to state a claim upon which relief could be granted, in that the rejection of the Workers' Compensation Act was filed after the injury complained of and did not operate to bar the application of the exclusivity provision of the Workers' Compensation Act to the injury. Because the action was dismissed by summary judgment, no discovery was taken on the issue of the extent of Appellant's injury. Appellant filed a notice of appeal with the Court of Appeals, and we granted transfer of the case to this Court.

■ Appellant raises four issues on appeal. First, he argues that he was illegally employed by Appellee (because minors are forbidden by law to operate dangerous machinery), and that this alleged illegal employment invalidates the implied consent of KRS 342.395. The Kentucky Workers' Compensation Act, however, specifically provides that coverage under the Act shall apply without regard to the legality of the terms or conditions of employment. KRS 342.640 provides:

The following shall constitute employees subject to the provisions of this chapter, except as exempted under KRS 342.650:

(1) Every person, including a minor, whether lawfully or unlawfully employed, in the service of an employer under any contract of hire or apprenticeship, express or implied, and all helpers and assistants of employees, whether paid by the employer or employee, if employed with the knowledge, actual or constructive, of the employer....

This statute was enacted upon the repeal of a former provision which had specifically permitted the filing of a tort action by a minor injured or killed while in the employ of any employer in wilful and known violation of the law. KRS 342.170. Thus, by enacting the current statute, the legislature specifically rejected the alternative of tort liability and embraced workers' compensation coverage for minors, even if illegally employed.

■ Appellant next argues that KRS 342.210 must be interpreted to mean that

none of the time limitations found in the chapter, including the limitations regarding the filing of a rejection of coverage, shall apply to a minor. To reach this conclusion one would have to ignore the plain language of the statute which provides as follows:

> No limitation of time provided in this chapter shall run against any person who is mentally incompetent or who is a minor dependent **so long as he has no committee, guardian or next friend, or other person authorized to claim compensation for him under KRS 342.160.**

KRS 342.210 (emphasis added).

■ We first note that the statute technically refers only to "minor dependent[s]" of employees, and the method by which they may recover for the death of the employee pursuant to KRS 342.160. It does not pertain to minor employees themselves. However, we believe the purpose of the statute, to ensure the rights of minor and incompetent beneficiaries of the workers' compensation scheme are adequately protected, should apply to minor dependents of employees and minor employees alike. The statute, however, does not serve to waive the time limitation in this case, because the minor clearly had the ability to bring a workers' compensation action by his parents as next friends, as is evidenced by the instant civil suit wherein his parents indeed acted as his next friends. The principle at issue here is identical to that discussed in *Inland Gas Corp. v. Flint,* Ky., 269 S.W.2d 239 (1954), wherein the surviving dependent children of one who died in a work-related accident were found to have been capable of bringing appropriate suit by way of their next friend, their mother. Our predecessor court specifically held that:

> [W]here an infant child is living with its mother, she becomes its next friend by operation of law for the purpose of prosecuting an action for recovery for the death of its father, and the statute of limitations is not

suspended because of infancy under such conditions.

*Id.* at 239. Based upon the holdings of our prior decisions and the wording of the statute itself, we conclude the limitation on filing a rejection of coverage is not waived by KRS 342. 210. Additionally, we note that KRS 342.210 refers to the filing of claims, not to the filing of a notice of rejection of workers' compensation coverage. Therefore, it does not apply to the timing of an election permitted by KRS 342.650(6).

■ Appellant next argues the implied waiver of tort remedies found in KRS 342.395 is unconstitutional when applied to a minor because it is a denial of rights ensured under the jural rights doctrine. This Court has quite recently again rejected this same argument as applied to the adults in *Shamrock Coal Co., Inc. v. Maricle,* Ky., 5 S.W.3d 130, 134 (1999) (citing *Wells v. Jefferson County,* Ky., 255 S.W.2d 462 (1953)). The workers' compensation statutes are quite clear in setting forth the right to reject coverage and the method for doing so. The opportunity of the employee to reject the act by affirmative action makes acceptance voluntary and does not violate the Kentucky Constitution. *Wells,* 255 S.W.2d at 463. While this Court previously has expressed some reservations as to the application of implied waivers to minors, we eventually concluded that because implied consent hangs on one's action, in this case one's acceptance of employment, rather than on the failure to reject, the parent's act of causing or permitting a child to participate in the action covered by the statute subjects the child to the limitations imposed by the law. *See Fann v. McGuffey,* Ky., 534 S.W.2d 770, 777–78 (1975).

■ Appellant's final argument is that the trade-off from waiving the right to bring suit under tort theories for the "negligible" benefits afforded him under the current workers' compensation scheme is so inequitable as to render it a violation of jural rights. The trade-off here, though

definitely less than it once was under the previous workers' compensation law, is not completely negligible. Under the Workers' Compensation Act, all of Appellant's medical expenses will be automatically paid or payable, whereas with a tort claim, recovery is always speculative. As we recently reiterated in *Shamrock Coal*, "[t]he fact that the act does not provide for pain and suffering is ... no basis upon which a cause of action may lie." *Shamrock*, 5 S.W.3d at 134 (quoting *Zurich Ins. Co. v. Mitchell*, Ky., 712 S.W.2d 340, 342 (1986)).

For the reasons set forth herein, the judgment of the Boone Circuit Court is hereby affirmed.

All concur.