Michael Chad **ROBERTS**, Appellant,

v.

**GEORGE W. HILL & COMPANY; AIK Comp a/k/a AIK Selective Self Insurance Fund; Hon. J. Landon Overfield, Administrative Law Judge; and Workers' Compensation Board Appellees.**

No. 2002–SC–0974–WC.

Supreme Court of Kentucky.

Aug. 21, 2003.

Larry Hicks, Sutton, Hicks, Lucas, Grayson & Braden, Florence, Counsel for Appellant.

C. Thomas Hectus, Hectus & Strause PLLC, Louisville, Counsel for Appellee.

**OPINION OF THE COURT**

In a decision that has been upheld on appeal, an Administrative Law Judge (ALJ) determined that although the claimant was fifteen years old when he was injured while working, his workers' compensation claim was barred by limitations because he was not without next friends and did not file his claim within two years after the last payment of voluntary income benefits. See *Roberts v. George W. Hill & Co.*, Ky., 23 S.W.3d 635 (2000). Appealing, the claimant maintains that the period of limitations was tolled until his eighteenth birthday under KRS 342.210 because he was an employee rather than a surviving dependent. We affirm.

The claimant was born on November 5, 1981. On October 9, 1997, while he was working for the defendant-employer, the claimant's hand was allegedly crushed in an auger-driven seed mixer. His employer paid voluntary income benefits for about two months after the incident. At about that time, the claimant executed and sent to the employer a notice of his rejection of Chapter 342 and, acting through his parents as next friends, filed a civil action against the employer in Boone Circuit Court. On October 2, 1998, the action was dismissed on the ground that the notice of rejection was filed after the alleged injury and, therefore, did not bar the application of the exclusive remedy provision. KRS 342.395 and KRS 342.690. We affirmed in *Roberts v. George W. Hill & Co., supra.*

Among the arguments that we rejected when affirming the circuit court was an assertion that none of the time limitations in Chapter 342 applied to a minor, including the limitation for filing a notice of rejection. *Id.* at 637. We pointed out that to reach that conclusion would require ignoring KRS 342.210, which provides as follows:

> No limitation of time provided in this chapter shall run against any person who is mentally incompetent or who is a minor dependent so long as he has no committee, guardian or next friend, or other person authorized to claim compensation for him under KRS 342.160. (Emphasis added.)

Observing that the purpose of KRS 342.210 was to protect the rights of minor and incompetent beneficiaries of Chapter 342, we concluded that although the statute referred only to minor dependents of employees and the method by which they may recover death benefits, the purpose of the statute applied to minor employees as well. Furthermore, we explained that the principle at issue was identical to that discussed in *Inland Gas Corp. v. Flint,* Ky., 269 S.W.2d 239 (1954).

■ *Inland Gas Corp. v. Flint, supra,* reiterated the longstanding principle that when the widow and dependent minor child of a deceased worker live together,

she is viewed as being the child's "statutory" next friend under KRS 342.160(2) for the purpose of obtaining survivors' benefits, and the statute of limitations is not tolled as to the child. One of the earliest statements of that principle occurred in *Ashland Iron & Mining Co. v. Fowler*, 208 Ky. 422, 271 S.W. 589 (1924), in which the Court construed Ky. Stat. § 4919, the language of which is identical to KRS 342.210, and also construed the last clause of Ky. Stat. § 4909, the language of which is substantially the same as KRS 342.160(2). In addition to stating the foregoing principle, the Court observed that no rule of law or statute provided for the appointment of a standing next friend, analogous to the appointment of a committee or guardian. Noting, however, that Ky. Stat. § 4909 authorized a widow who was entitled to benefits in her own right to apply for benefits for her minor children, the Court concluded that she was the children's best friend by operation of the statute (*i.e.*, their "statutory" next friend) and, therefore, must apply for benefits on their behalf within the applicable period of limitation.

Unlike *Inland Gas Corp. v. Flint, supra,* and *Ashland Iron & Mining Co. v. Fowler, supra,* this case does not involve a claim for survivors' benefits. The claimant was a non *sui juris* employee at the time he was injured. Thus his parents were not his statutory next friends under KRS 342.160(2). The fact remains, however, that his parents were appointed his next friends and acted in that capacity when filing the civil suit on his behalf. In *Roberts v. George W. Hill & Co., supra,* we concluded that KRS 342.210 did not serve to waive the time limitation with regard to filing a notice of rejection, explaining that the claimant "clearly had the ability to bring a workers' compensation action by his parents as next friends, as is evidenced by the instant civil suit wherein his par-

ents indeed acted as his next friends." *Id.* at 637.

The claimant relies upon *Clover Fork Coal Co. v. Scoggins,* 263 Ky. 424, 91 S.W.2d 543 (1936), and *Davis v. Mitchell,* 266 Ky. 151, 98 S.W.2d 474 (1936), both of which involved a claim in which the minor dependent's mother was not eligible for benefits in her own right and could not qualify as the minor's next friend under Section 37 of the Civil Code of Practice (presently KRS 387.300) because she was not a Kentucky resident. Thus, in each instance the Court determined that the period of limitations was tolled. As we pointed out subsequently in *Roberts v. George W. Hill & Co., supra,* the purpose of KRS 342.210 applies to minor employees. We conclude, therefore, that KRS 342.210 tolled the period of limitations until the appointment of a next friend to act on the claimant's behalf or, if no next friend was appointed, until he was *sui juris.* We also conclude, however, that because the claimant's parents were appointed as next friends in order to prosecute the civil action that arose from the same injuries, the period of limitations began to run with respect to the workers' compensation claim at the time of their appointment.

In *Roberts v. George W. Hill & Co.,* we determined that the exclusive remedy for the claimant's injuries was to be found in Chapter 342 and, therefore, that the Boone Circuit Court did not have jurisdiction over the matter. Because the civil action was timely filed, KRS 413.270 would have permitted the filing of a Form 101 with the Department of Workers' Claims within 90 days after August 24, 2000, when our decision became final. *Ockerman v. Wise,* 274 S.W.2d 385 (1954). Yet, this claim was not filed until November 5, 2001, just within two years of the claimant's

eighteenth birthday but more than two years after the appointment of his parents as next friends in the civil action and more than 90 days after finality of our decision that the circuit court lacked jurisdiction. Under those circumstances, the ALJ did not err in concluding that the claim must be dismissed because it was untimely.

The decision of the Court of Appeals is affirmed.

LAMBERT, C.J.; and COOPER, JOHNSTONE, KELLER, STUMBO and WINTERSHEIMER, JJ., concur.

GRAVES, J., dissents without opinion.