# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT KNOXVILLE

## FEBRUARY SESSION, 1998

**FILED**

**August 31, 1998**

**Cecil Crowson, Jr.**
Appellate Court Clerk

| | | |
|---|---|---|
| **GREGORY SCOTT SPOONER** | ) | **C.C.A. NO. 03C01-9608-CR-00283** |
| | ) | |
| Appellant, | ) | |
| | ) | |
| | ) | **HANCOCK COUNTY** |
| **VS.** | ) | |
| | ) | **HON. JAMES E. BECKNER** |
| **STATE OF TENNESSEE,** | ) | **JUDGE** |
| | ) | |
| Appellee. | ) | **(Post-Conviction Relief)** |

FOR THE APPELLANT:

HERBERT HOLCOMB
101 Church Street
Rogersville, TN  37857

FOR THE APPELLEE:

JOHN KNOX WALKUP
Attorney General and Reporter

PETER M. COUGHLAN
Assistant Attorney General
425 Fifth Avenue North
Nashville, TN  37243-0493

C. BERKELEY BELL
District Attorney General

FLOYD W. RHEA
Assistant District Attorney
North Court Street
Sneedville, TN  37869

OPINION FILED _____

AFFIRMED

JERRY L. SMITH, JUDGE

# <u>OPINION</u>

Appellant Gregory Scott Spooner appeals the trial court's denial of his petition for post-conviction relief. He presents the following issue for review: whether the trial court erred in denying Appellant's petition for post-conviction relief based upon the ineffective assistance of trial counsel.

After a review of the record, we affirm the judgment of the trial court.

## I. FACTUAL BACKGROUND

The trial court appointed Attorney John Anderson to represent Appellant at trial. On April 28, 1993, Appellant was convicted by a jury in the Hancock County Criminal Court of six counts of rape and one count of exhibiting material harmful to a minor. Appellant was sentenced as a multiple rapist to an effective sentence of forty-eight years incarceration with the Tennessee Department of Correction. Appellant's appeal of his conviction to this Court was dismissed because he had escaped from custody.

On November 13, 1995, Appellant filed a <u>pro se</u> petition for post-conviction relief, alleging, <u>inter alia</u>, ineffective assistance of trial counsel. Following a hearing, the trial court denied Appellant's application for post-conviction relief on December 8, 1995. In so doing, the court concluded that Attorney John Anderson performed well within the range of competence and that Appellant had not demonstrated the manner in which he was prejudiced by the alleged deficiencies in counsel's representation.

Specifically, Appellant alleges the following deficiencies in his trial counsel's representation:

(1) failure to adequately consult with Appellant prior to trial;

(2) failure to prepare Appellant to testify at trial;
(3) failure to investigate Appellant's claim that law enforcement officials illegally obtained statements from him;
(4) failure to consult sufficiently with Appellant during the jury selection process;
(5) failure to discuss the State's evidence with Appellant;
(6) failure to interview any of the prosecution's witnesses prior to trial; and
(7) failure to ask the questions that Appellant desired.

## II. POST-CONVICTION RELIEF

Appellant contends that the trial court erred in denying his petition for post-conviction relief based upon the ineffective assistance of trial counsel.

In post-conviction proceedings, the Appellant bears the burden of proving the allegations raised in the petition by a preponderance of the evidence.[1] Tidwell v. State, 922 S.W.2d 497, 500 (Tenn. 1996); Wade v. State, 914 S.W.2d 97, 101 (Tenn. Crim. App. 1995). Moreover, the trial court's findings of fact are conclusive on appeal unless the evidence preponderates against the judgment. Tidwell, 922 S.W.2d at 500; Campbell v. State, 904 S.W.2d 594, 595-96 (Tenn. 1995); Cooper v. State, 849 S.W.2d 744, 746 (Tenn. 1993).

## A. EFFECTIVE ASSISTANCE OF COUNSEL

Appellant's only claim is that the trial court erred in denying his petition for post-conviction relief based upon the allegation that he received ineffective assistance of trial counsel.

The Sixth Amendment provides in part, "In all criminal prosecutions, the accused shall enjoy the right. . . to have the assistance of counsel for his defense." U.S. Const. amend. 6. Similarly, the Tennessee Constitution guarantees an

---

[1] For post-conviction claims filed after May 10, 1995, the burden of proof is by clear and convincing evidence. See Tenn. Code Ann. § 40-30-210(f); Scott v. State, 936 S.W.2d 271, 274 (Tenn. Crim. App. 1996).

accused "the right to be heard by himself and his counsel. . . " Tenn. Const. art. I § 9. Additionally, Tenn. Code Ann. § 40-14-102 provides: "Every person accused of any crime or misdemeanor whatsoever is entitled to counsel in all matters necessary for such person's defense, as well to facts as to law."

In Strickland v. Washington, the United States Supreme Court articulated a two-prong test for courts to employ in evaluating claims of ineffective assistance of counsel. 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). The Tennessee Supreme Court adopted Strickland's two-part test in Butler v. State, 789 S.W.2d 898, 899 (Tenn. 1990). The Strickland Court began its analysis by noting that "The benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." Strickland, 104 S.Ct. at 2064. When a convicted defendant challenges the effective assistance of counsel in a post-conviction proceeding, the Appellant bears the burden of establishing (1) deficient representation of counsel and (2) prejudice resulting from that deficiency. Strickland, 104 S.Ct. at 2064; Powers v. State, 942 S.W.2d 551, 558 (Tenn. Crim. App. 1996). Appellant must prove that counsel's representation fell below an objective standard of reasonableness. Strickland, 104 S.Ct. at 2064. This Court is not required to consider the two prongs of Strickland in any particular order. Harris v. State, 947 S.W.2d 156, 163 (Tenn. Crim. App. 1996). "Moreover, if the Appellant fails to establish one prong, a reviewing court need not consider the other." Id. With regard to counsel's deficient performance, the proper measure is that of reasonableness under prevailing professional norms. Id. (citing Strickland, 104 S.Ct. at 2065. Put differently, counsel's performance is required to be "within the range of competence demanded of attorneys in criminal cases." Baxter v. Rose, 523 S.W.2d 930, 936 (Tenn. 1975); Harris, 947 S.W.2d at 163. Respecting the

-4-

prejudice prong of Strickland, the Appellant must establish that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Strickland, 104 S.Ct. at 2068.

The Strickland Court emphasized that "Judicial scrutiny of counsel's performance must be highly deferential." Id. at 2065. "A `fair assessment . . . requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time.'" Goad v. State, 938 S.W.2d 363, 369 (Tenn. 1996) (quoting Strickland, 104 S.Ct. at 2065). The mere failure of a particular tactic or strategy does not per se establish unreasonable representation. Id. at 369. However, this Court will defer to counsel's tactical and strategic choices only where those choices are informed ones predicated upon adequate preparation. Goad, 938 S.W.2d at 369; Hellard v. State, 629 S.W.2d 4, 9 (Tenn. 1982).

Regarding Appellant's first alleged deficiency, he specifically complains that Mr. Anderson consulted with him only two or three times prior to trial. However, at the post-conviction hearing, Attorney Anderson testified that he met with Appellant to discuss the case eight or nine times prior to trial. Moreover, counsel brought with him to the hearing fifteen to twenty pages of notes taken by him during several visits with Appellant. Mr. Anderson's copious notes belie Appellant's assertion that he had little or no contact with his attorney prior to the commencement of the trial. Counsel's pretrial contacts with Appellant appear to have afforded him adequate opportunity to prepare Appellant's case. Moreover, Appellant has failed to even allege how he was prejudiced by counsel's number of visits.

Appellant's second claim of ineffective assistance of counsel is that Attorney Anderson inadequately prepared Appellant to testify at trial. At the hearing on the

petition for post-conviction relief, Attorney Anderson stated that he reviewed with Appellant all of the evidence which the prosecution had against him. Additionally, Mr. Anderson testified that during one meeting with Appellant, he inquired about Appellant's background, the circumstances leading up to the offense, and the particulars of the case. To buttress this testimony, Anderson produced ten pages of handwritten notes taken during this conference with Appellant. Attorney Anderson testified that he attempted to prepare Appellant for the questions that Mr. Anderson believed would be posed to Appellant on cross-examination so that Appellant would have suitable responses. As support for this testimony, Mr. Anderson produced approximately ten pages of his handwritten notes taken during this conference with Appellant. The trial court properly concluded that "Mr. Anderson spent a great deal of time preparing the case and discussing the case with the petitioner. He prepared for trial, leaving no stone unturned." Thus, we find that Appellant has not carried his burden of proving that Mr. Anderson inadequately prepared him to testify at trial and that the outcome of Appellant's trial was prejudiced by any alleged lack of preparedness.

Respecting Appellant's third alleged deficiency, he asserts that Mr. Anderson never conducted any investigation of Appellant's claim that law enforcement officials illegally obtained Appellant's statement. At the post-conviction hearing, Mr. Anderson explained that he did not file a motion to suppress the statement taken from Appellant because Appellant, before trial, never indicated that he gave the statement unwillingly and because Appellant signed waiver of rights and waiver of counsel forms. Furthermore, Mr. Anderson stated that Appellant stated that he had "tried to cooperate" with the police and "had nothing to hide" because he had not done anything. The decision not to file a motion to suppress Appellant's statement appears to have been a strategic choice predicated upon adequate investigation.

See Goad v. State, 938 S.W.2d 263, 269 (Tenn. 1996). Nothing requires counsel to file what he believes to be a frivolous motion to suppress. Because we find that Appellant has not demonstrated that Mr. Anderson performed below the range of competence demanded of an attorney in a criminal case or that he was prejudiced by that performance, the third alleged deficiency is without merit.

Appellant's fourth claim of ineffective assistance is that Mr. Anderson failed to consult sufficiently with Appellant during the jury selection process. Appellant testified at the post-conviction hearing that Mr. Anderson did not question the prospective jurors about their background. However, the trial court stated, "This court even remembers the case well enough to recall the petitioner personally consulting with his lawyer during voir dire and, in fact, the record will show that all eight peremptory challenges were used during the course of voir dire." Thus, Appellant has not overcome the trial court's finding that Appellant participated fully in the voir dire. Moreover, we cannot see how Appellant was prejudiced given Mr. Anderson's apparently thorough examination of the prospective jurors.

Appellant's fifth complaint is that Attorney Anderson failed to discuss the evidence which the State had against him. Teddy Collingsworth, a criminal investigator for the District Attorney, testified at the post-conviction hearing, that he met with Mr. Anderson and "showed him all the evidence that we had, all the statements, all the evidence that was taken from the home when the search warrant was executed. . . ." Moreover, as mentioned above, Mr. Anderson averred that he and Appellant together reviewed all the evidence against Appellant. This issue is without merit.

Regarding Appellant's sixth alleged deficiency, he contends that Mr. Anderson failed to interview any of the prosecution's witnesses. Attorney Anderson testified that he personally conducted interviews with all three of the victim's special

education teachers, a Department of Human Services worker and her supervisor, and one of the victim's "foster parents." Attorney Anderson stated that he interviewed witnesses for Appellant's case each time he traveled to Sneedville--the place where the alleged offense was committed. The trial court determined that Mr. Anderson "talked to all possible witnesses." The record amply supports this finding and we will not second guess it. There is no ineffectiveness on the part of counsel proven here.

Finally, Appellant complains that Mr. Anderson failed to question the witnesses as Appellant desired. At the hearing on his petition for post-conviction relief, Appellant testified that Mr. Anderson declined to ask the questions given to him by Appellant, explaining that those questions would cause the witnesses to become angry. Mr. Anderson testified that he recalled asking all of the questions that Appellant directed him to ask and that he could not remember refusing to ask any of Appellant's questions. The trial court opined that Attorney Anderson thoroughly cross-examined witnesses. In any event, the cross-examination of witnesses is a matter entrusted to the professional judgment of the attorney. We will not second guess his tactical decisions.

The judgment of the trial court is affirmed.


_____
JERRY L. SMITH, JUDGE

CONCUR:

_____
THOMAS T. WOODALL, JUDGE


_____
WILLIAM B. ACREE, SPECIAL JUDGE