# Mary Helen Coal Corporation v. Hensley.

(Decided February 10, 1931.)

A. G. PATTERSON for appellant.

J. S. GOLDEN for appellee.

OPINION OF THE COURT BY STANLEY, COMMISSIONER— Affirming.

The appeal is from a decision approving an award of the Workmen's Compensation Board to the appellee, J. J. Hensley, for injuries sustained while employed by the appellant in its mine. A question of practice is to be first considered.

At the special September, 1930, term of the Harlan circuit court, the defendant's motion for a new trial was overruled, and it was given until the tenth day of the regular November term in which to file its bill of exceptions. Such a bill was prepared and filed on the ninth day of that term. The appellee has moved this court to strike the bill of exceptions from the record on the ground that

the regular October term of that court had intervened, and, under section 334 of the Civil Code of Practice, the right to extend the time for filing a bill. of exceptions is limited to a day in the next succeeding term. The motion should be sustained if a bill of exceptions is necessary in the case.

The Legislature vested in the Workmen's Compensation Board exclusive original jurisdiction over claims within the purview of the act. (Ky. Stats., secs. 4880-4987.) Black Mountain Coal Corporation v. Murphy, 218 Ky. 40, 290 S. W. 1036. Section 4935 of the Statutes provides for a review of its action by the circuit court, which is restricted to the record certified to it by the board, except upon an allegation in the petition for review of fraud or misconduct of some person engaged in the administration of the act and affecting the decision of the board. The circuit court may hear additional evidence with respect to that charge. Nelson v. Kentucky River Stone & Sand Co., 182 Ky. 317, 206 S. W. 473; Workmen's Compensation Board v. Abbott, 212 Ky. 128, 278 S. W. 533, 47 A. L. R. 789. The scope of review by this court is likewise confined by section 4936. It is provided that: "The procedure as to appeal to the court of appeals shall be the same as in civil actions, so far as the same may be applicable to and not in conflict with the provisions of this act, except as follows." The exceptions relate to the abridgement of the bill of evidence. The whole procedure contemplates a review of the record made before the Workmen's Compensation Board as certified to the circuit court and again certified by the circuit court clerk to this court.

Of course, if there was evidence heard by the trial court on the allegations of misconduct, such evidence would have to be presented by an additional record or bill of exceptions, the correctness of which must be certified by the judge. That is the bill referred to in section 4936 of the Statutes. The sole purpose of a bill of exceptions is to bring before the Appellate Court the things that transpire on the trial that would not otherwise appear in the record. Broadway & Newport Bridge Co. v. Commonwealth, 173 Ky. 165, 190 S. W. 715. No bill of exceptions is required in an equity case, and we are of the opinion that it is not required in workmen's compensation cases except to cover the additional record indicated. In Workmen's Compensation Board v. U. S.

Coal & Coke Co., 196 Ky. 833, 245 S. W. 900, it was held no motion for a new trial or bill of exceptions was necessary, but only the interpretation of the law was there involved. It is immaterial in this case that a formal bill of exceptions was filed, for it only added to the certification of the record brought here, and the motion to strike it is overruled.

The appellee had been at work for the appellant company only three hours, when, he states, "I was loading coal the first I knew of it (being hurt), I was on robbing work and I was hemmed between the coal and some timbers and I was on my knees and I felt a tear loose and stung like a knife stuck in me." He rested a few minutes, and undertook to lift a block of coal, when he suffered additional pains and started out of the mine. He shortly met one or two workmen, to whom he stated that he had been hurt. He reported his injury to the bookkeeper of the company, who advised him that the superintendent and foreman were in the mines. He then and there requested a settlement. The next day (Sunday) he reported his injury to the foreman, and left for his home in Knoxville. He testified he was examined by a physician there, who told him that he was ruptured, and from there he went to the United States Veteran's Hospital at Memphis, where he was operated on for a rupture on December 30th, and remained until January 23d. It appears that two or three years before this he had been operated upon, first, for locked bowels, and then for appendicitis. The physicians testified that those operations were successful, but that the scars left a weakened abdominal wall. The claimant was examined before he was given employment by the appellant, and he was not then ruptured. It further appears that, between the time the claimant gave his first deposition in this case and his second deposition upon the rehearing by the full board, he had again become ruptured.

The surgical evidence submitted by the appellant and other circumstances tend strongly to prove that the rupture was an old one and was not suffered as appellee claims. But the case is not to be determined by what the circuit judge or the members of this court should or would hold if the case were submitted as an original proposition. It is to be determined by the standard oft repeated that, if there was any credible evidence supporting the award of the Compensation Board, the award must be approved.

Though there was no surgical evidence introduced corroborating the testimony of the claimant that he was injured as stated, and that such injury incapacitated him from labor, nevertheless his testimony is deemed to be sufficient to support the decision of the board.

The judgment is therefore affirmed.