# Kentucky Cardinal Coal Corporation v. Honeycut et al.

(Decided February 24, 1931.)

A. G. PATTERSON for appellant.

E. N. INGRAM for appellees.

OPINION OF THE COURT BY JUDGE RICHARDSON—
Affirming.

The appellant is a corporation engaged in the business of mining coal. The appellee H. P. Honeycut was in its employ on December 3, 1928. He was 68 years of age, and had been working as a coal miner for twenty or thirty years. At the time he received his injury, he was a stout and able-bodied miner. While engaged in mining coal for the appellant, coal fell on him, mashed his breast, hurt his right side, and broke some of his ribs. His main injury was on the left side of his back along the backbone and over his hip. His right ankle was "knocked down." He was taken to the hospital at Pineville, where he received medical treatment. At the time of the taking of the evidence in the case, he was not able to walk any distance without having to sit down. When he stood still he trembled. The injury to the left side of his back prevented him from performing any labor. His average weekly wage at the time he was injured was $25. He reached an adjusted agreement with appellant in regard to his compensation for his injury for temporary total disability of $15 a week, beginning December, 1928. Afterwards he made application to the Workmen's Compensation Board for its adjustment of his claim for his injuries. The board made the award on the ground of permanent partial disability on the pleadings, proof, and record before it. It found that the "claimant by reason of the injury sustained on December 13, 1928, and the condition of permanent partial disability was entitled to and was awarded $15.00 a week compensation for not exceeding 416 weeks, a total sum of $6,000.00 with interest at the rate of six percent., subject to credit for any compensation paid him by appellant under the agreed

settlement.'' After the award was made by the board, the appellant entered its motion for a full board review. This hearing was granted to it, and, on consideration by the full board, its first award was sustained. The appellant then filed its petition for review in the circuit court. The record of the board and the evidence heard by it were made part of the pleadings in the circuit court. The circuit court adjudged that the order of the Workmen's Compensation Board of January 7, 1930, be ''in all things affirmed.'' From this judgment this appeal is prosecuted.

No evidence was offered and none was heard by the Workmen's Compensation Board except the testimony of the appellee. Not being contradicted, it was sufficient to justify the board in making the award. We have so often held that the finding of facts by the Workmen's Compensation Board is conclusive, if there is any competent evidence to support it, that we do not now consider that the reasons for our so holding should be restated in this case. The identical question presented in this case was determined in the case of Mary Helen Coal Corporation v. J. J. Hensley, 237 Ky. 348, 34 S. W. (2d) ——, and it is conclusive on all questions raised on this appeal.

Wherefore, perceiving no error, the judgment is affirmed.