**WELLS et al. v. JEFFERSON COUNTY et al.**

Court of Appeals of Kentucky.
Feb. 20, 1953.

John L. Knopf, Louisville, for appellants.

Lawrence G. Duncan, Ray H. Kirchdorfer and Robert E. Hogan, Louisville, J. D. Buckman, Jr., Atty. Gen., and Squire N. Williams, Jr., Asst. Atty. Gen., for appellee.

CULLEN, Commissioner.

This appeal raises the question of constitutionality of a 1952 amendment to the Kentucky Workmen's Compensation Act. In a declaratory judgment proceeding between certain employes and their employ-ers, the circuit court held the amendment valid. The appeal is by the employes.

By Chapter 82 of the Acts of 1952, the legislature amended KRS 342.395, relating to acceptance of the Compensation Act by employes. Prior to 1952, and dating back to the time of the enactment of the present Act in 1916, the Compensation Act had provided that an employe must indicate his elections to accept the Act by signing a written notice of acceptance. The 1952 amendment provides, in substance, that an employe is deemed to have accepted the Act unless and until he files with his employer a written notice of rejection.

Under the terms of the Compensation Act, both before and after the 1952 amendment, an employe who accepts the Act is barred of the right to sue his employer for damages for personal injuries, guaranteed by Section 54 of the Constitution, and his personal representative is barred of the right to sue the employer for damages for wrongful death, guaranteed by Section 241 of the Constitution, with certain exceptions not important to this case. It was established by the decision in Greene v. Caldwell, 170 Ky. 571, 186 S.W. 648, that the rights guaranteed by Sections 54 and 241 of the Constitution could be waived by an employe if he made a voluntary, affirmative election to accept the benefits of the Workmen's Compensation Act in lieu of the constitutional rights. The question now before us is whether a waiver of the constitutional rights may be effected by means of the failure of the employe to elect affirmatively to retain those rights.

The first workmen's compensation law enacted in Kentucky, in 1914, which contained a provision concerning acceptance of the Act by employes similar to that in the 1952 amendment to the present law, was held unconstitutional, by a divided court, in Kentucky State Journal Co. v. Workmen's Compensation Board, 161 Ky. 562, 170 S.W. 437, 1166, L.R.A.1916A, 389. The original majority opinion was susceptible to the interpretation that the Act was unconstitutional both as to employers and employes, because it did not give either of them a free, fair choice whether to

come under the Act or to retain their common-law rights. However, in a modification of the opinion on rehearing, published in 162 Ky. 387, 172 S.W. 674, L.R.A. 1916A, 402, the court made clear that the Act was valid as to employers, and also would have been valid as to employes if it had provided for voluntary acceptance of the Act by employes. The modified opinion contained this statement:

"Some provision should be made in the act whereby the employe signifies his acceptance of the provisions of the act by some affirmative act on his part. Silence on this subject should not be construed into acceptance."

This Court, as presently constituted, is of the opinion that the requirement of an affirmative act of election to accept the Compensation Act, as laid down in the modified opinion in the State Journal case, has no sound basis in reason or logic, and that the opportunity of the employe to reject the Act by affirmative action on his part assures him adequate freedom of choice as to whether he will accept or reject the Act.

In those states in which compulsory workmen's compensation laws are not permissible under the state constitution, it has been held almost uniformly that a requirement that the employe act affirmatively in order to reject the law does not make the law compulsory in nature. See Ann.Cas.1915C, 308.

In Matheson v. Minneapolis St. Ry. Co., 126 Minn. 286, 148 N.W. 71, at page 75, L.R.A.1916D, 412, the Minnesota Supreme Court said:

" * * * The choice is no less voluntary and optional because a party is deemed to have accepted these provisions, unless he give notice to the contrary, than it would be if he were deemed not to have accepted them until he gave notice to that effect."

In Mackin v. Detroit-Timkin Axle Co., 187 Mich. 8, 153 N.W. 49, 53, the Michigan court said:

"No constitutional provision is pointed out which prohibits the Legislature, in framing this law to best avoid uncertainty and contention tending to litigation, from adopting a rule of conclusive presumption upon the question of notice so long as the employe was left in the first instance free to forestall, overcome, or prevent such presumption by his own act if he so desired. This being true, the constitutional objections raised, which are necessarily founded upon the idea of coercion, disappear because the employe has had a free choice, and, by having failed to give notice, must be held to have elected his remedy under the Workmen's Compensation Law. Such legal presumptions are not unconstitutional nor uncommon. A familiar illustration is the conclusive presumption that a party entitled to jury trial in a civil action has waived his right and elected to go to trial without a jury unless he took some affirmative action and made demand before a certain time or point or progress in the case arrived."

To the same effect, see Sayles v. Foley, 38 R.I. 484, 96 A. 340; Young v. Duncan, 218 Mass. 346, 106 N.E. 1; Dietz v. Big Muddy Coal & Iron Co., 263 Ill. 480, 105 N.E. 289; Sexton v. Newark Dist. Tel. Co., 84 N.J.L. 85, 86 A. 451; Middleton v. Texas Power & Light Co., 108 Tex. 96, 185 S.W. 556; and Carbonneau v. Hoosier Engineering Co., 96 N.H. 240, 73 A.2d 802.

The fact that other states may not have constitutional provisions similar to Sections 54 and 241 of our Constitution does not detract from the weight to be given the decisions of the courts of those states on the basic question of whether a presumed acceptance, accompanied by an opportunity for affirmative rejection, constitutes a voluntary acceptance.

It is our opinion that the 1952 amendment to KRS 342.395 adequately preserves the right of the employe to make a voluntary election as to whether he will come under the Compensation Act. To the extent that the State Journal case is in conflict with this opinion it is overruled.

The judgment is affirmed.