Lucille JONES, Appellant,

v.

CAMPBELL COMPANY, Inc., a Corporation et al., Appellees.

Court of Appeals of Kentucky.

Nov. 10, 1961.

Rehearing Denied Feb. 16, 1962.

W. Howard Clay, Louisville, for appellant.

Gavin H. Cochran, Peter, Heyburn & Marshall, Louisville, for appellees.

WADDILL, Commissioner.

The sole issue on this appeal is whether a woman who knowingly lived in adultery with an employee who meets with a fatal accident while at work can recover workmen's compensation benefits as his dependent.

The determinative facts are not in dispute since appellant admits that she knew the deceased employee had a wife from whom he was not divorced, nevertheless, she lived with him as his wife and was supported by him for approximately ten months preceding his death. The Workmen's Compensation Board dismissed her claim for compensation and the Board's order was upheld by the circuit court.

While appellant qualifies as a dependent under the language used in KRS 342.075(3), we have heretofore read into this subsection a rule of public policy which precludes the recovery of compensation under circumstances such as are disclosed in the instant case. In Nall v. Wakenva Coal Co., 236 Ky. 598, 33 S.W.2d 631, 635, it was stated that "a sound public policy forbids the allowance of compensation founded on a relationship known to be illicit." This rule was also approved and applied more recently in Blue Diamond Coal Co. v. Hensley, 314 Ky. 85, 234 S.W.2d 317, and in Hatfield Campbell-Creek Coal Co. v. Adams, 275 Ky. 744, 122 S.W.2d 787. On the authority of these cases we are sustaining the judgment upholding the order of the Board dismissing appellant's claim.

Judgment affirmed.

MILLIKEN, Judge (dissenting).

I am aware of the precedents cited to affirm this judgment. However, I believe our Legislature established the public policy by enumerating the specific requirements for dependency in the statute (KRS 342.075). This Court's recognition of immorality of the claimant as a defense reads into the statute a further declaration of public policy which is repugnant to the broad social purposes of our Workmen's Compensation Act. Therefore, I am convinced the rule followed in the majority opinion is unsound and I would no longer adhere to it. For a discussion of the question see Larson, Workmen's Compensation Law, Section 140.

For these reasons I would reverse the judgment and remand the case to the Workmen's Compensation Board for an appropriate award.

PALMORE, J., joins with me in this dissent.