Eva NORRINGTON, Appellant,

v.

CHARLES E. CANNELL COMPANY et al., Appellees.

Wm. Loraine MIX, Administrator, Estate of Joe Norrington, Deceased, Appellant,

v.

CHARLES E. CANNELL COMPANY, Appellee.

Court of Appeals of Kentucky.

June 19, 1964.

Rehearing Denied Nov. 13, 1964.

an accident in the course of his employment. Eva Norrington, claiming to be a dependent of Joe's, filed a claim for workmen's compensation benefits. The Workmen's Compensation Board denied her claim and she appealed to the circuit court. Contemporaneously, the administrator of Joe's estate brought a common law action against the employer in the same circuit court to recover damages for wrongful death. The two proceedings were consolidated. Judgments were entered affirming the order of the board in the workmen's compensation case and dismissing the claim of the administrator in the common law case. Both claimants have appealed to this court.

■ Eva had lived with Joe for 17 years but without marriage ceremony and without having obtained a divorce from her legal husband. Her claim for workmen's compensation benefits was denied under authority of Jones v. Campbell Company, Ky., 353 S.W.2d 208. She claims that the Jones case is distinguishable because there the couple had lived together illicitly for only 10 months. We do not see why the length of the period of illicit cohabitation should affect the policy consideration on which the rule in the Jones case was based. She further contends that the Jones case is wrong in principle and should be overruled. This contention fails of acceptance by a majority of the court.

In our opinion the circuit court properly upheld the order of the board denying the workmen's compensation claim.

■ The action by the administrator was dismissed on the ground that since Joe and the employer both had accepted the Workmen's Compensation Act, the employer was released from common law liability, KRS 342.015. The administrator contends that since the employer has not paid Joe's funeral expenses, as required by KRS 342.070, the employer has elected not to be bound by the Workmen's Compensation Act and therefore is not relieved of common law li-

Herman E. Frick, Theodore Wurmser, Louisville, for William L. Mix.

Chester L. Rigsby, Louisville, for Eva Norrington.

James M. Graves, William P. Swain, Boehl, Stopher, Graves & Deindoerfer, Louisville, for appellee.

CULLEN, Commissioner.

Joe Norrington, an employe of Charles E. Cannell Company, died as the result of

ability. This contention is completely without merit. The election that determines liability is a *pre-accident* election. Furthermore, the mere failure of the employer to pay the funeral expenses does not mean that he will not pay them upon proper demand.

■ The administrator further contends that the Workmen's Compensation Act is unconstitutional if it is so construed as to bar a common law recovery for wrongful death in a situation where there can be no recovery under the Act because there are no dependents. This contention is sufficiently answered by the decisions in Greene v. Caldwell, 170 Ky. 571, 186 S.W. 648, Wells v. Jefferson County, Ky., 255 S.W.2d 462, and Davis v. Solomon, Ky., 276 S.W.2d 674.

It is our opinion that the circuit court properly dismissed the administrator's claim.

The judgments are affirmed.