Silas MULLINS, Appellant,

v.

MANNING COAL CORPORATION; Old Republic Insurance Company; Vicki Newberg, Acting Director of Special Fund; Lloyd R. Edens, Administrative Law Judge; and Workers' Compensation Board, Appellees.

No. 96–SC–433–WC.

Supreme Court of Kentucky.

Jan. 30, 1997.

Mark L. Ford, Harlan, for appellant.

Paul E. Jones, Baird, Baird, Baird & Jones, P.S.C., Pikeville, for appellees Manning Coal Corp. and Old Republic Ins. Co.

Judith K. Bartholomew, Labor Cabinet, Special Fund, Louisville, for appellee Newberg.

OPINION OF THE COURT

Having considered the arguments of the parties and the opinion of the Court of Appeals in the above-styled matter, we are not persuaded that the decision was in error. Accordingly, we adopt the well-reasoned opinion of the Court of Appeals and set it forth as follows:

"BEFORE: KNOPF, SCHRODER, and WILHOIT, Judges.

"WILHOIT, JUDGE. This is a petition for review of the decision of the Workers' Compensation Board rendered on January 27, 1995, affirming the opinion and order of the administrative law judge denying the appellant retraining incentive benefits under the jurisdictional provision of KRS 342.316(3)(b).

"The appellant was a heavy equipment operator in and around Virginia coal mines from 1977 to 1990. In March 1990 he took a position with the appellee, Manning Coal Corporation, in Kentucky where he continued to work until March 1, 1991. On June 3, 1992, the appellant filed a workers' compensation claim, seeking income or retraining incentive benefits.

"Though the ALJ found the appellant suffered from the disease of coal workers' pneumoconiosis, he also found that the appellant had not met the jurisdictional requirements of KRS 342.316(3)(b). The appellant was, therefore, precluded from recovering retraining incentive benefits. It is undisputed that the appellant was exposed to the hazards of coal workers' pneumoconiosis for only one year in Kentucky.

"An appeal to the Workers' Compensation Board followed, in which the appellant attacked the constitutionality of KRS 342.316(3)(b) under both the Kentucky and United States Constitutions. He also argued that the statute conflicted with other portions of the Workers' Compensation Act. The Board acknowledged that it lacked authority to address the alleged constitutional violations, citing *Blue Diamond Coal Co. v. Cornett,* 300 Ky. 647, 189 S.W.2d 963 (1945); and *Kenton & Campbell Benev. Burial Ass'n v. Goodpaster,* 304 Ky. 233, 200 S.W.2d 120 (1946). The Board also rejected the appellant's argument that KRS 342.316(3)(b) is in

conflict with KRS 342.610(1), 342.640(1), and 342.690(1).

"KRS 342.610(1) states:

Every employer subject to this chapter shall be liable for compensation for injury, occupational disease, or death without regard to fault as a cause of the injury, occupational disease, or death.

"KRS 342.640(1) states:

The following shall constitute employees subject to the provision of this chapter, except as exempted under KRS 342.650:

(1) Every person, including a minor, whether lawfully or unlawfully employed, in the service of an employer under any contract of hire or apprenticeship, express or implied, and all helpers and assistants of employees, whether paid by employer or employee, if employed with the knowledge, actual or constructive, of the employer;

"KRS 342.690(1) states in part:

If an employer secures payment of compensation as required by this chapter, the liability of such employer under this chapter shall be exclusive and in place of all other liability of such employer to the employee, his legal representative, husband or wife, parents, dependents, next of kin, and anyone otherwise entitled to recover damages from such employer at law or in admiralty on account of such injury or death. . . .

"In refusing to accept the appellant's argument, the Board held as follows:

Statutory construction mandates that wherever possible statutes that appear contradictory on their face be read together to achieve an appropriate result. A further maxim of statutory construction is that a portion of the statute addressing a specific question is to be given precedence over a general statutory provision. In light of previous court determinations relating to the exposure requirements in occupational disease claims and recognizing that KRS 342.316 specifically addresses that which is necessary to establish a compensable occupational disease claim in Kentucky it is controlling over any perceived general statutes which are outlined above.

KRS 342.610 clearly defines Manning as an employer who is subject to Chapter 342. This section goes on to say the employer will be liable for occupational disease. KRS 342.316(3)(b) merely defines under what conditions an employer will not be held liable for an occupational disease. KRS 342.316(3)(b) requires a minimum requirement that Mullins be exposed to the hazards of pneumoconiosis in Kentucky for at least two (2) years to establish he contracted at least part of the disease in the Commonwealth of Kentucky. Mullins is an employee under the Act as defined by KRS 342.640 and he is covered by the Workers' Compensation Act. He has had an opportunity at his remedy in Kentucky.

This appeal followed with the appellant reiterating the arguments previously advocated.

"The appellant submits that KRS 342.316(3)(b) is invalid as violative of the equal protection principles set forth in both the Kentucky and United States Constitutions. He further argues that the statute violates § 14 of the Kentucky Constitution by denying him a "remedy" for his injury. The appellant also asserts that the statute is in conflict with other provisions of the Act.

■ "KRS 342.316(3)(b) provides as follows:

Income or retraining incentive benefits for the disease of pneumoconiosis resulting from exposure to coal dust or death therefrom shall not be payable unless the employee has been exposed to the hazards of such pneumoconiosis in the Commonwealth of Kentucky over a continuous period of not less than two (2) years during the ten (10) years immediately preceding the date of his last exposure to such hazard, or for any five (5) of the fifteen (15) years immediately preceding the date of such last exposure.

Initially, we will note that we agree with the Board's conclusion that this statute is not in conflict with those provisions of Chapter 342 cited by the appellant. KRS 342.316(3)(b) delineates a threshold requirement for the claimant to recover workers' compensation benefits which is wholly unrelated to the provisions relied upon by the appellant.

"With regard to the appellant's argument concerning § 14 of the Kentucky Constitution, we are unpersuaded. The appellant attempts to analogize this situation with that presented in *Ludwig v. Johnson*, 243 Ky. 533, 49 S.W.2d 347 (1932). In *Ludwig*, our highest court struck down as unconstitutional Kentucky's "guest statute" enacted in 1930. The Court held that § 14 of the Kentucky Constitution guaranteed an injured party's right to attempt to recover compensation from the wrongdoer who allegedly perpetrated the harm. *Id.* The Workers' Compensation Act, however, is not predicated upon redressing a wrong which has caused an injury. In fact, liability under the compensation act is not in any way dependent on negligence, tortious conduct, or comparative negligence. *See generally Tyler–Couch Const. Co. v. Elmore*, Ky., 264 S.W.2d 56 (1954). An employee's right to occupational disease benefits is purely statutory in nature and does not fall under the ambit of § 14 of the Kentucky Constitution. The General Assembly clearly is free to limit application of workers' compensation benefits as it has with KRS 342.316(3)(b). The appellant's theory of the case would lead to the absurd result that the General Assembly may not limit applicability of the Act in any way.

"We, likewise, find the appellant's argument attacking the constitutionality of KRS 342.316(3)(b) on equal protection grounds to be meritless. Undoubtedly, in the workers' compensation context, the General Assembly may properly classify in its legislation provided the "objective is legitimate and the classification is rationally related to that objective." *Chapman v. Eastern Coal Corp.*, Ky., 519 S.W.2d 390, 393 (1975); *see also Kentucky Harlan Coal Co. v. Holmes*, Ky., 872 S.W.2d 446 (1994). The appellant concedes that, as KRS 342.316(3)(b) relates to insulating the Special Fund from certain liability, the General Assembly has a legitimate interest in limiting claims. He submits, however, that no legitimate state interest exists in placing the same limitations on retraining incentive benefit claims, in which the Special Fund is not a party.

"The General Assembly has a legitimate interest in providing a workers' compensation system that will sustain itself and continue to operate to compensate disabled workers. In furtherance of that interest, it reasonably can act to prevent forum shopping by workers from other states already infected with the disease of pneumoconiosis. It is Kentucky's employers who are ultimately responsible for the payment of workers' compensation benefits, and ultimately, the frequency and severity of those benefits are reflected in the insurance premiums Kentucky employers pay to their carriers. Consequently, it is this court's conclusion that KRS 342.316(3)(b) is rationally related to a legitimate state interest.

"The opinion of the Workers' Compensation Board is affirmed.

"ALL CONCUR."

The decision of the Court of Appeals is hereby affirmed.

STEPHENS, C.J., and COOPER, GRAVES, JOHNSTONE, LAMBERT, STUMBO and WINTERSHEIMER, JJ., concur.