SHAMROCK COAL COMPANY, INC., Appellant,

v.

R. Cletus MARICLE, Judge, Leslie Circuit Court, Appellee,

and

Sonny Grubb, Verlon Bush, Norman R. Hoskins, Elmer Couch, Gary D. Morgan, Leonard Morgan, Buhal Bush, James Trosper, Tim Witt, Terry Couch, Don Jackson, Ray Dean Grubb, Larry Jeffers, David Hooker, Ray Couch, Jr., Oral Roberts, Rod Feltner, Richard Napier, and Wayne Campbell, Real Parties in Interest.

98–SC–0664–MR.

Supreme Court of Kentucky.

Nov. 18, 1999.

Neville Smith, Manchester, Jeff A. Woods, Lizbeth L. Baker, Wyatt, Tarrant & Combs, Lexington, for Appellant.

R. Cletus Maricle, Judge, Leslie Circuit Court, Manchester, for Appellee.

Rickey D. Bailey, Manchester, McKinley Morgan, Hyden, Phyllis L. Robinson, London, for Real Parties in Interest.

JOHNSTONE, Justice.

Appellant, Shamrock Coal Company, Inc. (Shamrock), appeals from a Court of Appeals' decision denying Shamrock's petition for a writ prohibiting the Leslie Circuit Court from proceeding in a group of consolidated civil actions brought by a number of its former employees who allege that they have contracted the disease of coal workers' pneumoconiosis as a consequence of their employment. We granted discretionary review and reverse.

Prior to the 1996 revision of the Workers' Compensation Act ("House Bill 1"), KRS 342.732 provided that a worker with a radiographic classification of 1/0, 1/1, or 1/2, but with a respiratory impairment of less than twenty percent, was entitled to a retraining incentive benefit (RIB)

award. If a worker with the same radiographic classification had a respiratory impairment between twenty and forty percent, the employee was irrebuttably presumed to be seventy-five percent occupationally disabled; and if the employee had a respiratory impairment more than forty-five percent, the employee was irrebuttably presumed to be totally disabled. If a worker's radiographic classification was 2/1, 2/2, 2/3, 3/2, 3/3, or progressive massive fibrosis, the employee was irrebuttably presumed to be totally disabled regardless of the employee's respiratory impairment.

House Bill 1 amended the statute so that a worker is entitled to a RIB benefit only if the employee has a radiographic classification of 1/1 or 1/2 (but not 1/0) *and* a respiratory impairment between twenty and forty-five percent. If a worker with the same radiographic classification has a respiratory impairment more than forty-five percent, the employee is irrebuttably presumed to be fifty percent disabled (as opposed to totally disabled under previous versions); and if the employee has a radiographic classification of 2/1, 2/2, or 2/3 and respiratory impairment more than forty-five percent, the employee is irrebuttably presumed to be seventy-five percent disabled (as opposed to totally disabled under previous versions). The employee is irrebuttably presumed totally disabled only if the employee has a radiographic classification of 3/2 or 3/3 *and* respiratory impairment more than forty-five percent, or progressive massive fibrosis.

Although medical proof has yet to be presented in this case, the nineteen plaintiffs assert that they suffer from category 1 pneumoconiosis, but have a respiratory impairment of less than twenty percent. Thus, all nineteen would have been entitled to a RIB benefit under the pre–1996 statute, but none are entitled to any benefits under the 1996 revision. All of the plaintiffs were laid off by Shamrock within thirty days of the passage of House Bill 1. None had "opted out," *i.e.*, elected not to be covered under the Workers' Compensation Act, KRS 342.395.

The former employees sued Shamrock in the Leslie Circuit Court seeking damages for their respective occupational diseases. In their pleadings, they alleged that Shamrock was "negligent, careless and reckless" in its mining operations and conducted those operations in "gross disregard" of their health, safety, and welfare. They also alleged that Shamrock "intentionally violated" safety procedures established by statutes and regulations, and that Shamrock engaged in outrageous conduct, thereby "intentionally or recklessly" causing the plaintiffs to suffer extreme emotional distress. Finally, they asserted that the Kentucky Workers' Compensation Act violates Sections 2, 14, and 54 of the Kentucky Constitution.

KRS 342.690(1), the exclusive liability provision of the Act, provides in pertinent part as follows:

(1) If an employer secures payment of compensation as required by this chapter, the liability of such employer under this chapter shall be exclusive and in place of all other liability of such employer to the employee.... The exemption from liability given an employer by this section shall also extend to such employer's carrier and to all employees, officers or directors of such employer or carrier, provided the exemption from liability given an employee, officer or director or an employer or carrier shall not apply in any case where the injury or death is proximately caused by the willful and unprovoked physical aggression of such employee, officer or director.

Shamrock filed a motion to dismiss asserting lack of subject matter jurisdiction, CR 12.01(a), and failure to state a claim upon which relief can be granted, CR 12.01(f). In denying the motion, Judge Maricle held that the exclusive liability provision of KRS 342 .732 was unconstitutional because it denied plaintiffs their

"jural right" to a remedy in violation of Sections 14, 54, and 241 of the Kentucky Constitution. Additionally, Judge Maricle held that the "opt out" or "presumptive acceptance" provision of KRS 342.395 was unconstitutional, because it amounts to a waiver by mere inaction of the right to bring a tort action.

Shamrock sought a writ of prohibition against Judge Maricle in the Court of Appeals, which was denied. In denying the writ, the Court of Appeals held that, because the pleadings alleged intentional acts, Judge Maricle had jurisdiction over "this kind of case," *Duncan v. O'Nan,* Ky., 451 S.W.2d 626, 631 (1970). Further, the Court of Appeals held that the exclusive liability provision in KRS 342.690 does not confer exclusive jurisdiction on the Workers' Compensation Board to decide matters within the purview of the Act; rather, it is merely an affirmative defense to be pled and proven in circuit court, citing *Gordon v. NKC Hospitals, Inc.,* Ky., 887 S.W.2d 360 (1994).

### JURISDICTION

We believe that the Court of Appeals relied erroneously on *Gordon, supra,* for the proposition that the exclusive liability provision in KRS 342.690 does not confer exclusive jurisdiction on the Workers' Compensation Board to decide matters within the purview of the Workers' Compensation Act. *Gordon* does not purport to overrule the long line of cases holding that exclusive liability cases are jurisdictional. *See, e.g., Zurich Insurance Company v. Mitchell,* Ky., 712 S.W.2d 340 (1986); *Brown Badgett, Inc v. Calloway,* Ky., 675 S.W.2d 389 (1984); *Simmons v. Clark Constr. Company,* Ky., 426 S.W.2d 930 (1968); *Davis v. Solomon,* Ky., 276 S.W.2d 674 (1955); *Mary Helen Coal Corporation v. Hensley,* 237 Ky. 348, 35 S.W.2d 533 (1931); *Moore v. Louisville Hydro-Electric Company,* 226 Ky. 20, 10 S.W.2d 466 (1928); *Black Mountain Corporation v. Murphy,* 218 Ky. 40, 290 S.W. 1036 (1927); *Ashland Iron and Mining Company v. McDaniel's Dependents,* 202 Ky. 19, 258 S.W. 943 (1924); *General Accident Insurance Company v. Blank,* Ky. App., 873 S.W.2d 580 (1993). Rather, *Gordon* holds that "subject matter jurisdiction cannot be created by waiver or conferred by agreement; and that in general, 'subject matter' does not mean 'this case,' but 'this kind of case.'" *Gordon,* 887 S.W.2d at 362. *Gordon* further holds that "so long as the 'kind of case' identified in the pleadings is within the court's jurisdiction, one claiming a legal bar must plead it affirmatively." *Id.*

*Gordon* is distinguishable from the instant case because the claim in *Gordon* was not pled as a workers' compensation claim. Rather, it was pled as a premises liability claim, which was not patently within the purview of the Workers' Compensation Act. Thus, absent the issue being raised by the defendant, the trial court had no way of knowing that the defendant was exempt from liability as an up-the-ladder employer of Gordon. "Neither the complaint nor the answer could be construed as providing even a clue that the Workers' Compensation Act had anything to do with the case." *Id.* at 361–62. Because the cause of action was not against Gordon's employer, but against the hospital where the injury occurred, the hospital, on the face of the complaint, was not entitled to the protection of the exclusive liability provision of KRS 342.690(1). Thus, the trial court in *Gordon* had subject matter jurisdiction over "this kind of" non-workers' compensation case.

■ In the case at bar, the plaintiffs brought suit under the Workers' Compensation Act. Therefore, Shamrock, on the face of the complaint, was entitled to the protection of the exclusive liability provision. Consequently, the Leslie Circuit Court has no subject matter jurisdiction over this case and the writ is appropriate. *See Corns v. Transportation Cabinet,* Ky., 814 S.W.2d 574, 578 (1991).

## CONSTITUTIONALITY OF THE "PRESUMPTIVE ACCEPTANCE" PROVISION

This Court specifically upheld the constitutionality of the presumptive acceptance provision of the Workers' Compensation Act in *Wells v. Jefferson County*, Ky., 255 S.W.2d 462 (1953). *See also, Mullins v. Manning Coal Corporation*, Ky., 938 S.W.2d 260 (1997), *cert. denied*, 521 U.S. 1119, 117 S.Ct. 2511, 138 L.Ed.2d 1014 (1997). We find nothing raised herein which compels us to revisit the issue and, therefore, we reaffirm our decision in *Wells* upholding the constitutionality of the Workers' Compensation Act and the presumptive acceptance provision contained therein.

## THE THRESHOLD PROVISION AND JURAL RIGHTS

■ The plaintiffs allege that they suffer from category 1 pneumoconiosis, but have a respiratory impairment of less than twenty percent. Thus, plaintiffs have not met the threshold for receiving a RIB award under KRS 342.732 as amended in 1996. Plaintiffs argue that because they have no remedy under the Workers' Compensation Act, the trial court below should have subject matter jurisdiction.

■ The constitutionality of a similar threshold provision was upheld by this Court in *Mullins, supra.* In *Mullins*, the appellant was a heavy equipment operator in and around Virginia coal mines from 1977 to 1990. In 1990, the appellant took a position with a Kentucky company, where he worked for one year. In response to his claim for workers' compensation benefits, this Court held that the threshold provision of KRS 342.316(3)(b), requiring that a worker be exposed in Kentucky for two continuous years before qualifying for a RIB award, was constitutional. "An employee's right to occupational disease benefits is purely statutory in nature and does not fall under the ambit of § 14 of the Kentucky Constitution. The General Assembly clearly is free to limit the application of workers' compensation benefits...." *Id.* at 263. *See also,* A. Larson & L. Larson, *The Law of Workmen's Compensation* §§ 12–23 to 12–26, 12–78 to 12–79 (1996) (pointing out that threshold provisions which effectively preclude a remedy for certain types of work-related injuries are generally held to pass constitutional muster). Also, this Court has held that "[t]he fact that the act does not provide for pain and suffering is also no basis upon which a cause of action may lie." *Zurich*, 712 S.W.2d at 342.

■ Shamrock's exclusive liability to plaintiffs is clearly governed by KRS 342.690(1): "[T]he liability of such employer under this chapter shall be exclusive and in place of all other liability of such employer to the employee...." There is no other remedy available. There was no common law cause of action for non-disabling category one pneumoconiosis in existence at the time of the adoption of the present Constitution; therefore, the jural rights doctrine is inapplicable. Regardless, the fact that a remedy for a work-related injury is unavailable under the Workers' Compensation Act does not authorize bringing a civil action for damages in circuit court. *Davis*, 276 S.W.2d at 676. Therefore, as the Workers' Compensation Act confers exclusive liability to participating employers for all matters falling within its purview, no trial court has subject matter jurisdiction over such a matter. The proper venue for a matter falling within the purview of the Workers' Compensation Act lies solely with the Workers' Compensation Board.

## INTENTIONAL ACT EXCEPTION

■ Finally, plaintiffs assert that Shamrock engaged in conduct which was extreme and outrageous and intentionally or recklessly caused severe emotional distress, thus maintaining a cause of action under the "intentional act" exception of KRS 342.690(1). A careful reading of KRS 342.690(1) yields the following lan-

guage: "[t]he exemption from liability given an employer by this section ... shall not apply in any case where the injury or death is proximately caused by the willful and unprovoked *physical aggression* of such employee, officer or director." (Emphasis added). Further, "the legislature has specified that the only exception to the exclusive remedy is for the willful and unprovoked *physical aggression.*" *Zurich*, 712 S.W.2d at 342 (emphasis added). Thus, absent "willful and unprovoked physical aggression" by an employee, officer, or director, there is no exception to the exclusive liability provision of the Workers' Compensation Act.

For the foregoing reasons, we reverse the Court of Appeals and order the writ of prohibition be granted in accordance with this Opinion.

COOPER, KELLER, and WINTERSHEIMER, JJ., concur.

GRAVES, J., dissents by separate opinion, with LAMBERT, C.J., and STUMBO, J., joining that dissent.

GRAVES, Justice, dissenting.

I respectfully dissent from the opinion of the Court.

The Plaintiffs below are afflicted with a disease which is not considered an "injury" under the Worker's Compensation Act (hereinafter, "Act") as modified by House Bill 1 in 1996.[1] As such, there is no remedy for their impairments, which undeniably result from many long years of work in the coal mines. Prior to the 1996 amendments, all of these workers would have been entitled to receive an RIB award. However, as the majority points out, none are now so entitled.

The original intent of the Act was to provide both employers and employees with a set of reliable and concrete rules to be followed when a worker suffered a job-

related injury. Employees gave up their constitutional right to seek redress for their injuries in court in exchange for a certainty of compensation. Employers gave up the possibility of avoiding payment on some claims altogether in exchange for a definite cap on their liability. This quid pro quo is the basis for the exclusive remedy provision of the Act. In light of the recent amendments, however, the Act no longer provides any remedy to workers with category one pneumoconiosis who are suffering a respiratory impairment of less than twenty percent. Thus, the exclusive remedy provision of the Act as applied to these Plaintiffs deprives them of a legal remedy and means of redress.[2]

A right of action should not be taken away unless something valuable is put in its place. Appellees have given up their rights to recover for their injuries and will receive nothing in return. Appellant, on the other hand, has received the benefits of the Act without any of the detriments. The majority attempts to explain away this injustice by proclaiming that the jural rights doctrine is inapplicable, as there was no common law cause of action in existence in 1891 for category one pneumoconiosis. While true, "the Kentucky Constitution must be applied to fundamental jural rights as presently accepted in society, not frozen in time to the year 1891." *Perkins v. Northeastern Log Homes*, Ky., 808 S.W.2d 809, 817 (1991). This is not a case about coal worker's pneumoconiosis, but rather a case about a plaintiff's right to recover for the harmful acts of another. "The jural right to sue for personal injury or death caused by negligence or other wrongful acts was well-recognized in 1891 when our Constitution was adopted." *Id.* at 816.

The majority relies upon *Davis v. Solomon*, Ky., 276 S.W.2d 674 (1955), for the proposition that the lack of a remedy un-

---

1.  KRS § 342.732

2.  That is not to say that these plaintiffs are alone in their situations. In fact, in excess of forty identical cases have been filed to date in various circuit courts around the Commonwealth.

der the Act does not authorize a suit in circuit court to recover damages. Furthermore, the majority states that the Worker's Compensation Board has exclusive jurisdiction over all matters falling within the purview of the Act. However, as stated above, the afflictions suffered by Appellees are not classified as "injuries" under the modified Act. These ailments have conspicuously been removed from the coverage of the Act. Thus, the Worker's Compensation Board can have no jurisdiction over these claims, nor would a circuit court be prohibited from hearing such a claim. This does not run afoul of the language in *Davis* which holds that the intent "of the Act would be defeated if independent actions to recover damages for injuries or death caused by a *compensable* accident were permitted." Id. at 676 (emphasis added) (citations omitted). The claims at issue here are not compensable under the Act, and therefore fall outside its protective umbrella. Cases from our sister states with similar provisions have so held, and their logic is sound. *See Errand v. Cascade Steel Rolling Mills*, 320 Or. 509, 888 P.2d 544 (1995) (holding that worker with injury defined as non-compensable by Act could bring civil suit despite exclusivity language in same Act); *see also Stratemeyer v. Lincoln County*, 276 Mont. 67, 915 P.2d 175 (1996) (exclusive remedy rule applies only for injury covered by Act; further, employer cannot receive benefit of exclusive liability provision if the Act's definition of injury does not cover injury at issue). These claims should be heard by a circuit court.

The majority notes that the Plaintiffs below have not met the threshold requirements of KRS § 342.732, as amended, for receiving a RIB award, and are thus ineligible for any remedy under the Act. The majority cites to *Mullins v. Manning Coal Corporation*, Ky., 938 S.W.2d 260 (1997), *cert. denied*, 521 U.S. 1119, 117 S.Ct. 2511, 138 L.Ed.2d 1014 (1997), for the proposi-

tion that such threshold provisions are valid.[3] While there is no doubt that the General Assembly has the power to restrict the application of legislation, if an injury is specifically not covered by an Act, then the Act will never apply to that type of injury. If the substantive provisions of the Act do not apply, the exclusive remedy provision of that Act surely cannot apply. The restriction at issue in the case at bar took the Plaintiffs out from under the protection of the Act. The majority decision leaves them with no avenue of redress for their injuries. Category one pneumoconiosis is an acquired change in the human organism, the damages for which, if any, should be determined by a jury.

I believe that the trial court and the Court of Appeals were correct in their results, if not in their reasoning. The Plaintiffs cannot be stripped of their constitutional jural rights to pursue a cause of action for damages without doing violence to justice and fundamental fairness. As the injuries sustained by these Plaintiffs are specifically not compensable under the Worker's Compensation Act, common sense would dictate that the Plaintiffs should be permitted to maintain a civil action for damages. And in the words of Justice Palmore, "[w]hen all is said and done, common sense must not be a stranger in the house of the law." *Cantrell v. Kentucky Unemployment Insurance Commission*, Ky., 450 S.W.2d 235, 237 (1970). I would affirm.

LAMBERT, C.J., and STUMBO, J., join in this dissent.

---

**3.** It should be noted that as *Mullins* was a case dealing with a jurisdictional, rather than

a substantive issue, it is wholly inapplicable here.