**KENTUCKY EMPLOYERS' MUTUAL INSURANCE, Appellant,**

v.

**NOVATION CAPITAL, LLC; and Jeffrey K. Taylor, Appellees.**

**No. 2008–CA–000449–MR.**

Court of Appeals of Kentucky.

Feb. 25, 2011.

Discretionary Review Denied by Supreme Court March 14, 2012.

Case Ordered Published by Supreme Court March 14, 2012.

W. Barry Lewis, Hazard, KY, for appellant.

C. Thomas Ezzell, Lexington, KY, for appellee.

Before CAPERTON and THOMPSON, Judges; LAMBERT,[1] Senior Judge.

*OPINION*

THOMPSON, Judge:

Kentucky Employers' Mutual Insurance (KEMI) appeals an order of the Rockcastle Circuit Court requiring KEMI to transfer workers' compensation benefits payable to Jeffrey K. Taylor to Novation Capital, LLC. KEMI alleges that the Workers' Compensation Board had exclusive subject matter jurisdiction and that Taylor was precluded from assigning his benefits to a third-party under KRS 342.180, which prohibits the assignment of a claim for workers' compensation benefits. The circuit court rejected both contentions. We affirm.

As a result of a work-related injury sustained in 2005, Taylor filed a workers' compensation claim and subsequently entered into a settlement agreement with his employer's workers' compensation insurance carrier, KEMI. The agreement provided for payments of $400.02 per week for seventy weeks, commencing on September 30, 2005; one lump sum payment of $150,000; and $486.87 for 520 weeks.

In 2007, Novation Capital filed a "Petition for Approval of Transfer of Structured Settlement Rights" pursuant to KRS 454.430 *et seq.*, seeking approval of the transfer of Taylor's structured settlement payment rights. Taylor joined in Novation Capital's request for the approval of the transfer of monthly payments of $1,989.17 commencing on November 1, 2007, and terminating on April 1, 2017. In exchange, Taylor would receive a lump sum payment of $112,952. After KEMI objected to the petition, the circuit court heard testimony concerning Taylor's financial condition and issued a detailed order approving the petition. In doing so, it found that Taylor received a Disclosure Statement prior to entering into his written agreement with Novation Capital and that the transfer of the settlement payments was in Taylor's best interest to avoid financial hardship. It further found that the transfer complied with KRS 454.430 *et seq.*, the Structured Settlement Protection Act. Finally, the circuit court found that Taylor's use of the funds to satisfy his mortgage and automobile debt was consistent with the purpose of the Workers' Compensation Act.

The threshold issue is whether the circuit court had subject matter jurisdiction to approve the petition. The Workers' Compensation Act confers exclusive jurisdiction of claims filed pursuant to its provisions with the Board. KRS 342.325; KRS 342.690(1); *Shamrock Coal Co. v. Maricle,* 5 S.W.3d 130, 133 (Ky.1999). Thus, Taylor's claim for benefits and the approval of the settlement agreement were within the exclusive jurisdiction of the Board. However, Novation Capital's petition did not request that any matter relating to a workers' compensation claim be litigated. Taylor's workers' compensation claim had been settled and finalized.

1. Senior Judge Joseph E. Lambert sitting as Special Judge by assignment of the Chief Justice pursuant to Section 110(5)(b) of the Kentucky Constitution and KRS 21.580.

Unrelated to the workers' compensation claim, Novation Capital's petition was filed pursuant to the Structured Settlement Protection Act, enacted to provide a statutory procedure for the exchange of structured settlement payments for a lump sum cash payment. In addition to providing a detailed procedure for the transfer, the Act establishes jurisdiction in the circuit court in which the original action was or could have been filed, or the county where the applicant resides. KRS 454.435(1). Thus, the Rockcastle Circuit Court had subject matter jurisdiction to approve the petition.

■ KEMI's final argument is that the transfer of Taylor's structured settlement payment rights to Novation Capital violates the anti-assignment provisions of the Workers' Compensation Act which states:

"[n]o claim for compensation under this chapter shall be assignable, except court or administratively ordered child support pursuant to KRS 403.212. All compensation and claims therefor, except child support obligations, shall be exempt from all claims of creditors."

KRS 342.180. Novation Capital responds that the Act precludes assignment of a "claim for compensation" rather than the right to payments pursuant to a settlement of a workers' compensation claim.

■ The purpose of KRS 342.180 and its prohibition against assignment of workers' compensation claims is "to protect the injured worker and to promote the purpose of the Workers' Compensation Act by insuring that compensation benefits are available to meet the present and future requirements for food, clothing, and shelter of the worker and his dependents...." *Newberg v. Sarcione*, 865 S.W.2d 317, 319 (Ky.1993). However, an assignment of benefits paid is not inconsistent with the purpose of the statute or its language.

Courts are required to construe words and phrases according to their usual, ordinary, and everyday meaning. *Heleringer v. Brown*, 104 S.W.3d 397, 401 (Ky.2003). According to its unambiguous language, KRS 342.180 prohibits the assignment of claims. Significantly, the second sentence of the statute distinguishes claims and compensation. As pointed out by the circuit court in its thoughtful analysis, had the General Assembly intended to prohibit the assignment of an award or settlement, it could have simply included language expressing such intent. Based on similar facts, the Kentucky Supreme Court reached the same result.

In *Newberg*, the injured employee and his employer entered into a settlement agreement that provided for reimbursement by the Special Fund for amounts determined to be the responsibility of the Fund but paid by the employer pursuant to the terms of the agreement. The Supreme Court concluded that the reimbursement provision did not violate KRS 342.180. It explained its reasoning as follows:

We believe that, in the instant case, the reimbursement provision, which operated as an assignment of a portion of the benefits received pursuant to the worker's subsequent compensation award against the Special Fund, does not violate either the purpose or the language of KRS 342.180 and is in accord with the purposes of the Workers' Compensation Act. KRS 342.180 prohibits the assignment of a workers' compensation claim. The agreement herein did not contemplate an assignment of the worker's claim against the Special Fund to the employer, but rather an assignment of whatever portion of the worker's recovery had been paid by the employer but was determined by the ALJ to be the responsibility of the Special Fund. The reimbursement to the

employer relates to compensation benefits for the present injury and not to satisfaction of a debt which predated the injury.

*Newberg,* 865 S.W.2d at 320.

As in *Newberg,* the agreement between Taylor and Novation Capital is not an assignment of a claim but is a transfer of the compensation received under the compensation agreement. Moreover, the purpose of KRS 342.180 is not frustrated by approval of the petition. To the contrary, pursuant to the terms of the Structured Settlement Protection Act, the transfer of the structured settlement agreement was subject to judicial approval and the finding that it was in Taylor's best interest to satisfy his delinquent housing and automobile debts.

Based on the foregoing, the order of the Rockcastle Circuit Court is affirmed.

ALL CONCUR.