Elbert COX, Jr.; Cecil Wayne Franklin; John Spears; Wanda Beasley; Donald King; Lindsey Pennington; Teresa Preston; Beverly Presley, Personal Representative of the Estate of Annabell Gordon, Plaintiffs–Appellants,

v.

KONINKLIJKE PHILIPS, N.V., a Netherlands Corporation, aka Royal Philips Electronics, N.V. Koninklijke; Philips Electronics North America Corporation, a Delaware Corporation, Defendants–Appellees.

No. 15–6048.

United States Court of Appeals, Sixth Circuit.

May 9, 2016.

BEFORE: GUY, BATCHELDER, and COOK, Circuit Judges.

COOK, Circuit Judge.

Former employees at a glass and bulb manufacturing plant brought this action against their employer, Philips Electronics North America Corporation ("Philips"), and its Dutch parent company, Koninklijke Philips, N.V. ("KPNV"), for injuries arising from exposure to hazardous chemicals during their employment. The district court dismissed the employees' claims against KPNV for want of personal jurisdiction, dismissed their claims against Philips as statutorily barred, and declined to award them costs in serving KPNV process. The employees appeal those rulings, while KPNV and Philips seek sanctions. We affirm the district court's order but decline to award sanctions.

## I.

Philips's facility in Danville, Kentucky contained hazardous substances including asbestos, mercury, arsenic, lead, and PCB compounds. The employees sued Philips and KPNV for concealing or misrepresenting workplace dangers and deliberately exposing them to hazardous substances, causing physical and emotional injuries. They assert claims sounding in negligence, strict liability, negligent infliction of emotional distress, fraud, and fraudulent concealment.

After filing the initial complaint, the employees requested that KPNV—a Dutch holding company with no agent in the United States—allow its American-retained counsel to accept service of process on its behalf. KPNV refused. The employees served process internationally and

then moved to recover · the associated costs, arguing that Federal Rule of Civil Procedure 4(d) obligated KPNV to avoid unnecessary expenses. The court denied the motion, noting that Rule 4(d) imposes no duty on foreign parties.

While the employees' costs motion pended, KPNV moved to dismiss the complaint for lack of personal jurisdiction. After an evidentiary hearing, the court determined that preponderating evidence failed to show that KPNV's activities satisfied Kentucky's long-arm statute. *See* Ky.Rev. Stat. Ann. § 454.210. Without a basis to exercise jurisdiction, the court granted KPNV's motion to dismiss.

Philips also moved to dismiss the complaint, arguing that the exclusive-remedy provision of the Kentucky Workers' Compensation Act (KWCA) barred the employees' claims. The employees countered that their claims either satisfied the KWCA's deliberate-intention exception or fell outside of its exclusive-remedy provision. The court initially granted Philips's motion in part and denied it in part, dismissing all but the employees' fraud claims as barred by the KWCA. Philips then moved for reconsideration, arguing that because the employees failed to allege that Philips misrepresented workplace dangers with the specific intent to harm, the KWCA also barred the fraud claims. Agreeing, the district court dismissed the remaining claims. This appeal followed.

## II.

The employees contend the district court erred by granting KPNV's motion to dismiss for lack of personal jurisdiction, granting Philips's motion to dismiss for failure to state a claim, and denying the employees' motion to recover costs incurred in serving process. KPNV and Philips move for sanctions. We address each issue in turn.

### A. KPNV's Motion to Dismiss

First, as regards dismissal for lack of jurisdiction, the employees maintain that Kentucky law confers jurisdiction because their claims arise from KPNV's: (1) transacting business, (2) deriving substantial revenue, or (3) owning or having interest in real property in Kentucky. We review the court's legal conclusions de novo and its factual findings for clear error. *See Michigan Bell Tel. Co. v. Climax Tel. Co.*, 202 F.3d 862, 865 (6th Cir.2000) (quoting *RMI Titanium Co. v. Westinghouse Elec. Corp.*, 78 F.3d 1125, 1134 (6th Cir.1996)).

#### 1. Transacted Business

■ The employees claim that Kentucky's long-arm statute confers jurisdiction because KPNV "transact[ed] ... business" in Kentucky when it signed a corporate guarantee on Philips's behalf. *See* Ky.Rev.Stat. Ann. § 454.210(2)(a)(1). But Kentucky's long-arm statute is narrower in scope than the federal due process clause, *see Caesars Riverboat Casino, LLC v. Beach*, 336 S.W.3d 51, 55–57 (Ky. 2011), and even under the outer bounds of due process, "the mere existence of a contract ... is insufficient to confer personal jurisdiction." *Calphalon Corp. v. Rowlette*, 228 F.3d 718, 722 (6th Cir.2000) (citing *Nationwide Mut. Ins. Co. v. Tryg Int'l. Ins. Co., Ltd.*, 91 F.3d 790, 795 (6th Cir.1996)). *Compare Churchill Downs Inc. v. NLR Entm't, LLC*, No. 3:14–CV–166–H, 2014 WL 2200674, at *6–7 (W.D.Ky. May 27, 2014) (holding an isolated contract insufficient to "transact business"), *with KFC Corp. v. Wagstaff*, 502 B.R. 484, 496 (W.D.Ky.2013) (numerous, long-term contracts sufficient to "transact business").

■ Even assuming the corporate guarantee showed KPNV transacted business

in Kentucky, the employees' claims do not "aris[e] from" that contract. *See* Ky.Rev. Stat. Ann. § 454.210(2)(a). Kentucky's long-arm statute requires "a reasonable and direct nexus between the wrongful acts alleged in the complaint and the statutory predicate for long-arm-jurisdiction." *Caesars Riverboat Casino,* 336 S.W.3d at 59 (citing Ky.Rev.Stat. Ann. § 454.210(2)(a)). Here, the employees allege personal injuries resulting from chemical exposure; their claims have no relation to the corporate guarantee KPNV signed.

### 2. Derived Substantial Revenue

■ Next, the employees maintain that the court has jurisdiction because KPNV "derive[d] substantial revenue from goods used or consumed or services rendered in [Kentucky]." Ky.Rev.Stat. Ann. § 454.210(2)(a)(4). They argue that KPNV likely derived substantial revenue from the Danville facility because KPNV reported a $30 billion worth to the Securities and Exchange Commission. As the district court aptly noted, adopting this reasoning would subject to Kentucky jurisdiction any large parent company with a subsidiary located in the state. *See, e.g., Velandra v. Regie Nationale des Usines Renault,* 336 F.2d 292, 296 (6th Cir.1964) ("[M]ere ownership by a corporation of all of the stock of a subsidiary amenable to the jurisdiction of the courts of a state may not alone be sufficient to justify holding the parent corporation likewise amenable."). We agree; the net-worth figure is insufficient.

### 3. Interest in Real Property

■ Last, the employees argue for grounding jurisdiction on KPNV's "[h]aving an interest in, using, or possessing real property in [Kentucky]." Ky.Rev.Stat. Ann. § 454.210(2)(a)(6). They cite a state form referencing KPNV as "legal owner of generator," which they take to be the Danville facility. At the evidentiary hearing, however, the district court concluded that the form merely identified KPNV as the corporate parent of Philips and was not indicative of title to property. The employees fall short of persuading that the district court clearly erred in so finding.

■ Because the employees present insufficient evidence that KPNV is amenable to service of process under Kentucky law, we need not reach the federal due process issue. *See Caesars Riverboat Casino,* 336 S.W.3d at 59. And though they seek remand for jurisdictional discovery, the employees fail to show that the district court abused its discretion in conducting an evidentiary hearing without such discovery. *See Theunissen v. Matthews,* 935 F.2d 1454, 1458 (6th Cir.1991) ("[A district] court has discretion to select which [procedural] method it will follow [in determining jurisdiction], and will only be reversed for abuse of that discretion.").

### B. Philips's Motion to Dismiss

The employees also appeal the district court's order granting Philips's motion to dismiss. Specifically, they argue the district court erred in determining that their claims fell outside of the KWCA's deliberate-intention exception, and that the KWCA's exclusive-remedy provision barred their negligent-infliction-of-emotional-distress and fraud claims. The employees also fault the court's reconsideration. We review de novo, construing the complaint in the light most favorable to the employees, accepting their allegations as true, and drawing all reasonable inferences in their favor. *Carrier Corp. v. Outokumpu Oyj,* 673 F.3d 430, 444 (6th Cir.2012).

### 1. Deliberate–Intention Exception to the KWCA's Exclusive–Remedy Provision

The employees first argue that because Philips deliberately intended to injure

them, their claims survive the KWCA's exclusive-remedy provision. The KWCA "affords an injured worker a remedy without proof of the common law elements of fault," and is generally "exclusive of the remedies available under common law." *Gen. Elec. Co. v. Cain*, 236 S.W.3d 579, 606 (Ky.2007) (citing Ky.Rev.Stat. Ann. § 342.690). Yet, if an employee is injured or killed as a result of the "deliberate intention of his or her employer to produce such injury or death," the employee may bring a tort action in lieu of recovery under the KWCA. Ky.Rev.Stat. Ann. § 342.610(4). This exception "is much narrower than 'intent' in general tort law," *Rainer v. Union Carbide Corp.*, 402 F.3d 608, 616 (6th Cir.2005), and applies only when an employer has "determined to injure an employee and used some means appropriate to that end." *Id.* at 615 (quoting *Moore v. Envtl. Const. Corp.*, 147 S.W.3d 13, 16 (Ky.2004)).

■ Here, the employees ground their "determined-to-injure" bypass on the familiar argument that Philips knew the dangers of the hazardous chemicals but nevertheless engaged in deliberate and fraudulent acts to avoid providing a safe work environment. The Kentucky Supreme Court rejected this exact argument, explaining:

> The defendant who acts in the belief or consciousness that the act is causing an appreciable risk of harm to another may be negligent, and if the risk is great the conduct may be characterized as reckless or wanton, but it is not an intentional wrong.

*Moore*, 147 S.W.3d at 16–17 (quoting *Williamson v. Water Mania, Inc.*, 721 So.2d 372, 373 (Fla.Dist.Ct.App.1998)). Even accepting the employees' allegations as true, they fail to allege facts from which to infer that Philips harbored specific intent to injure. Without that intent, the employees'

claims do not fall within the KWCA's deliberate-intention exception.

■ Alternatively, the employees urge the court to adopt the "substantially certain" approach used by other states, under which Philips would be responsible for conduct it knew or was substantially certain would cause injury or death. *See* 9–103 Larson's Workers' Compensation Law § 103.04D. But Kentucky has rejected that approach, *see Moore*, 147 S.W.3d at 19 n. 20 ("[W]e do not adopt the substantial certainty test. . . ."), and we may not "ignore applicable state law, even if the law is unpopular or represents a minority view." *Hosp. Underwriting Grp., Inc. v. Summit Health Ltd.*, 63 F.3d 486, 493 (6th Cir. 1995).

### 2. Claims Not Covered By the KWCA

The employees press on, contending that even if their claims do not satisfy the deliberate-intention exception, their negligent-infliction-of-emotional-distress and fraud claims survive as outside of the KWCA. They cite limited case law suggesting an employee retains the right to bring at common law claims not compensable under the KWCA. *See Columbia Sussex Corp. v. Hay*, 627 S.W.2d 270, 279 (Ky.Ct.App.1981) (holding that employees may bring slander-per-se and false-imprisonment claims because "there is nothing for which the [KWCA] would compensate"); *see also Haggard v. Martin*, No. 3:01–CV–614–H, 2002 WL 753230, at *8 (W.D.Ky. Apr. 25, 2002) (citing *Hay* approvingly in dicta). These cases notwithstanding, the district court determined that the overwhelming majority of cases bar common-law claims unless the deliberate-intention exception is satisfied. *See, e.g., Shamrock Coal Co. v. Maricle*, 5 S.W.3d 130, 134 (Ky.1999) ("[T]he fact that a remedy for a work-related injury is unavailable under the [KWCA] does not au-

thorize bringing a civil action for damages in circuit court." (citing *Davis v. Solomon*, 276 S.W.2d 674, 676 (Ky.1955))); *Morrison v. Carbide & Carbon Chems. Corp.*, 278 Ky. 746, 129 S.W.2d 547, 550 (1939) ("The only exception made to [KWCA exclusivity] is in cases where injury or death of an employee results through *deliberate intention* of the employer to produce same and in which event resort may be had to courts of law." (emphasis added)).

 We need not determine the state of Kentucky law, however, because the KWCA provides the exclusive remedy for the employees' claims. Yet, the employees argue that their emotional distress did not result from physical trauma and thus falls outside of the KWCA. *See Ryan's Family Steakhouse v. Thomasson*, 82 S.W.3d 889, 893 (Ky.2002) (noting such "mental-mental" injuries are not compensable under the KWCA). But their complaint belies this assertion, confirming that their emotional distress arises from their increased risk of developing future disease as a result of chemical exposure. The employees next argue that their fraud claims are claims for intentional injury and therefore not barred. *Edwards v. Louisville Ladder*, 957 S.W.2d 290, 294 (Ky.Ct.App.1997) ("[T]he workers' compensation system is the exclusive remedy for any injuries falling within its purview, except for intentional injuries caused by the employer." (citing *Morrison*, 129 S.W.2d at 549–50)). As explained, merely asserting an intentional tort fails to meet the statute's heightened deliberate-intention exception.

### 3. *Philips's Motion to Reconsider*

Last, the employees argue that the district court mistakenly granted Philips's motion to reconsider its initial order allowing the fraud claims to proceed. But by simply rehashing arguments that we already rejected, the employees cannot demonstrate an abuse of discretion. *See Mallory v. Eyrich*, 922 F.2d 1273, 1282 (6th Cir.1991) ("District courts have inherent power to reconsider interlocutory orders and reopen any part of a case before entry of a final judgment." (citing *Marconi Wireless Tel. Co. v. United States*, 320 U.S. 1, 47–48, 63 S.Ct. 1393, 87 L.Ed. 1731 (1943))).

### C. The Employees' Motion to Recover Costs for Serving Process

 Employees appeal the district court's denial of its motion for costs incurred in serving KPNV process, maintaining that Federal Rule of Civil Procedure 4(d) obliged KPNV to accept service. Under that rule, courts must award costs "[i]f a defendant *located within the United States* fails, without good cause, to sign and return a waiver requested by a plaintiff located within the United States." Fed.R.Civ.P. 4(d)(2) (emphasis added). KPNV is located in the Netherlands; the rule imposed no obligation on it, and the district court committed no error in denying the employees' motion.

### D. KPNV's and Philips's Motion for Sanctions

 KPNV and Philips move for sanctions under Federal Rule of Appellate Procedure 38 and 28 U.S.C. § 1927. Rule 38 allows this court to award damages if appellants' "arguments essentially had no reasonable expectation of altering the district court's judgment based on law or fact." *B & H Med., L.L.C. v. ABP Admin., Inc.*, 526 F.3d 257, 270 (6th Cir.2008) (quoting *Wilton Corp. v. Ashland Castings Corp.*, 188 F.3d 670, 677 (6th Cir.1999)). Similarly, under 28 U.S.C. § 1927, this court may award costs if "an attorney kn[ew] or reasonably should [have] know[n] that a claim pursued [was] frivolous, or that his or her litigation tactics

[would] needlessly obstruct the litigation of non-frivolous claims." *Shepherd v. Wellman,* 313 F.3d 963, 969 (6th Cir.2002) (quoting *Jones v. Cont'l Corp.,* 789 F.2d 1225, 1232 (6th Cir.1986)). Though the employees' arguments proved unconvincing—with their service-of-process-costs argument being particularly weak—they are not frivolous.

### III.

For the above reasons, we AFFIRM the district court's orders and DENY KPNV's and Philips's motion for sanctions.